### NIEMI *v.* BRADY.

**1. GAMING—EVIDENCE—WINNER—STATUTES.**
In an action under 2 Comp. Laws 1915, § 7795, for money lost by gambling in a building leased by defendant, evidence that defendant was the winner, within the meaning of the statute, *held*, sufficient to present a question of fact for the jury.[1]

**2. TRIAL—REQUESTS TO CHARGE.**
The better practice requires that requests to charge be presented at such times as will enable the trial court to consider them before the arguments are completed.[2]

**3. SAME—REFUSAL OF REQUESTS—APPEAL AND ERROR.**
Refusal of requests to charge was not error where the substance thereof was covered by the general charge.[3]

**4. APPEAL AND ERROR—OVERRULING MOTION FOR NEW TRIAL SHOULD BE EXCEPTED TO.**
Under 3 Comp. Laws 1915, § 12635, exception should be

[1]Gaming, 27 C. J. § 359; [2]Trial, 38 Cyc. p. 1700; [3]Id., 38 Cyc. p. 1711.

taken to the overruling of a motion for a new trial, and where this is not done the Supreme Court might well decline to consider the assignment of error based thereon.[4]

5. Trial—Judgment—Compromise Verdict:

Where there was evidence to support a verdict for less than the amount claimed by plaintiff in his bill of particulars, it cannot be said that such verdict was a compromise.[5]

6. Appeal and Error—Statement of Obvious Fact Not Prejudicial Error.

Plaintiff's statement that he was a cripple, *held*, not prejudicial to defendant, since, if true, it was an obvious fact, and if not true he would be thereby discredited in the eyes of the jury.[6]

Error to Wayne; Des Voignes (L. Burget), J., presiding. Submitted February 2, 1925. (Docket No. 101.)    Decided April 3, 1925.

Assumpsit by David Niemi under 2 Comp. Laws 1915, § 7795, against Charles Brady for money lost by gaming. Judgment for plaintiff. Defendant brings error. Affirmed.

*Fleming & Baird* (*Thomas Thomson*, of counsel), for appellant.

*Jacob A. Tolonen*, for appellee.

Sharpe, J. Defendant was the lessee of the two-story structure at 1133 Washington boulevard in the city of Detroit during the year 1921. He conducted a cigar store on the first floor; the second was used as a gambling resort. Plaintiff, claiming to have lost upwards of $3,000 during the months of March and April, sued defendant for its recovery. The action was brought under section 7795, 2 Comp. Laws 1915, which, in part, reads as follows:

"Any person that shall lose any sum of money, or

---

[4]Appeal and Error, 3 C. J. § 865; [5]Trial, 38 Cyc. p. 1847; [6]Appeal and Error, 4 C. J. § 2952 (1926 Anno).

any goods or articles of value, by playing or betting on cards, or by any other device in the nature of such playing and betting, and shall pay or deliver the same or any part thereof to the winner, the person so paying or delivering the same may sue for and recover such money in an action for money had and received, to the use of the plaintiff; and such goods or other articles of value in an action of replevin, or the value thereof in an action of trover, or in a special action on the case."

Plaintiff had verdict and judgment for $1,524. This, defendant reviews by writ of error. There is no dispute about the fact that a "crap game" was being conducted on the second floor of the building of which defendant was lessee, nor that plaintiff lost money while playing the game.

1. Defendant insists there was no sufficient evidence that he was "the winner" of plaintiff's money. It is his claim that he leased the second story to a man named Roberson, and that he had nothing to do with the gambling game. Plaintiff's proofs tended to show that on certain occasions the money with which the game was started was taken by defendant from a safe in his store and carried upstairs and placed on the gambling tables by him; that at one time a dispute arose over certain losses, and that defendant was called upstairs and settled it by the repayment of the money lost; that on another occasion defendant paid a loser $200, and that after the games were ended the money was taken downstairs to the cigar store. Roberson was not called as a witness. While there was denial of this by defendant we think it presented a question of fact for the jury.

2. When the trial court was about to begin his charge to the jury, defendant's counsel handed him certain requests. He declined to consider them at that time. The better practice requires that requests should be presented at such times as will enable the trial court to consider them before the arguments are

completed. The requests contained instructions as to the meaning of the word "winner" as used in the statute. The trial court instructed the jury that the plaintiff must satisfy them "by a preponderance of the evidence that Charles Brady, the defendant, was the winner or participated in the winnings;" that if the parties operating the tables were his agents or employees and carrying on the business for him he would be just as liable to plaintiff as though he were personally present and conducted the business himself! The requests preferred but embodied the substance of this instruction. Defendant's rights were fully protected. He has no cause for complaint that the request was not given in the language preferred.

3. Plaintiff, in his bill of particulars, made claim for $3,048. There was variance between the items therein and those testified to by him. In a motion for a new trial, defendant urged that the verdict should be set aside because it was the result of a compromise among the jurors. No exception was taken to the overruling of this motion as required by the statute (3 Comp. Laws 1915, § 12635). It is no hardship to require counsel to follow the requirement of statutes of which they claim the benefit. We might well decline to consider this assignment for the reason stated (*Vezina* v. *Shermer*, 198 Mich. 757). In view, however, of the uncertainty of the plaintiff as to certain of the items claimed by him, we feel constrained to agree with the trial court that "there was evidence upon which the jury might predicate such a verdict."

4. Plaintiff's counsel sought to show from whence he had received the money he had lost. In doing so, the plaintiff stated that he was then crippled. The court held such evidence immaterial. Defendant insists that the crippled condition of the plaintiff was injected to prejudice the jury. As counsel for the plaintiff well says:

"If the man were crippled, that fact would be obvious to the jury without such a statement. If he were not a cripple his statement that he was would have stamped him a liar in the eyes of the jury."

No prejudicial error appearing, the judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.