JOHNSTON v. NARMORE.

1. AUTOMOBILES—INSTRUCTIONS—NEGLIGENCE—PROXIMATE CAUSE.
Failure to give proper requests to charge in action by passenger of northbound car which collided with rear of defendant's car as latter had stopped alongside a northbound semi truck which had stopped behind a northbound school bus on right shoulder of road preparatory to making a left turn across 4-lane pavement that if the collision occurred as a result of the negligence of both plaintiff's driver and defendant that jury should find for plaintiff and that there might be more than 1 proximate cause of the accident *held*, not reversible error, where charge given, when considered as a whole, adequately informed jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case, such refusal not having denied the plaintiff a fair trial.

2. TRIAL—REQUESTS TO CHARGE—OBJECTION—TIME.
Plaintiff's objection to court's failure to give her proper requests to charge was timely given, where made prior to time jury retired (GCR 1963, 516.2).

3. COURTS—COURT RULES—TRIAL.
Pertinent court rules control such part of the conduct of a trial as may be had after the rules become effective (GCR 1963).

4. DISCOVERY—DISCRETION OF COURT.
Denial of plaintiff's renewed motion for discovery of specified items of evidence to be used for possible impeachment purposes, made at opening of trial, *held*, not an abuse of discretion, where plaintiff had been furnished with copies of all available items requested in her formal motion, there being

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 512 *et seq.*
[2] 53 Am Jur, Trial § 519.
[3] 14 Am Jur, Courts § 156.
[4] 17 Am Jur, Discovery § 9.

no showing (1) that such denial would unfairly prejudice plaintiff in the preparation of her claim, or (2) that denial would cause plaintiff undue hardship or injustice, or (3) that what is sought was a statement from an adverse party, his attorney, surety, indemnitor, or agent and a copy thereof not given to the witness or party (GCR 1963, 306.2, 310).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2 March 9, 1965, at Lansing. (Docket No. 247.) Decided May 17, 1965. Leave to appeal granted by Supreme Court October 6, 1965.

Declaration by Elizabeth Johnston against Lowell I. Narmore for injuries sustained when an automobile, in which plaintiff was a passenger, struck defendant's automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Cicinelli, Mossner, Majoros & Harrigan* (*Peter F. Cicinelli* and *Eugene D. Mossner,* of counsel) and *Nuel N. Donley,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin* (*John L. Collins* and *Edmund E. Shepherd,* of counsel), for defendant.

QUINN, J. November 7, 1960, plaintiff was a passenger in the front seat of an automobile driven by Lewis Preston. At about 4 p.m. this vehicle was proceeding north on US-127, a paved, four-lane, divided highway, between Mason and Holt, Ingham county; its speed was under 50 miles per hour. The day was clear and the pavement was dry. Near the intersection of Edgar road and US-127, the Preston vehicle struck the rear of defendant's vehicle and plaintiff was injured. A school bus was stopped on the right shoulder of US-127, between 30 and 40 feet south of the Edgar road intersection waiting for traffic to clear before turning left on Edgar road. The angle at which Edgar road intersects

US-127 requires this action by the bus driver. Approaching the bus from the rear and in the right lane of traffic were two automobiles, a semi truck, defendant, and Preston, in that order. It is not clear. what happened to the two automobiles first mentioned, but the semi stopped in the right lane of the highway, about 10 feet behind the school bus. Defendant drove into the left lane to pass the truck; braked suddenly without signaling and was struck in the rear by Preston. The collision occurred about opposite the rear of the bus.

The case was tried in the Ingham circuit before Honorable Marvin J. Salmon and a jury, which returned a verdict of no cause for action. Judgment entered on the verdict. Plaintiff appeals and raises two questions for review. The first deals with two instructions requested by plaintiff and not given by the trial judge. Plaintiff's requested instruction 11 deals with a possible finding by the jury that defendant and Preston were both negligent; it is in the following language.:

"Members of the jury, I instruct you that if you find that the collision occurred as a result of the combined negligence of the defendant Narmore and plaintiff's driver, Mr. Preston, then you would still be required to bring back a verdict in favor of the plaintiff.

"In other words, if you find that Mr. Preston was guilty of some negligence which contributed to the collision, but you also find that the defendant Narmore was also negligent and contributed to the happening of the accident, then it would be your duty to return a verdict in favor of the plaintiff and against the defendant."

Requested instruction 12 deals with two proximate causes; it is as follows:

"The proximate cause of an accident does not necessarily mean the sole cause or the only cause

thereof. I instruct you that there may be more
than one proximate cause of an accident. Therefore,
even though you might find that the driver of the
plaintiff's car, Mr. Preston, was in some way neg-
ligent in his manner of driving, if you further find
that defendant Narmore was also negligent in sud-
denly stopping his car on the traveled portion of the
highway, or in failing to warn plaintiff's driver that
he was going to stop and that such negligence on
the part of defendant Narmore was at least one of
the contributing causes to the accident and the re-
sulting injuries to the plaintiff, then, in that event,
it would be your duty to bring back a verdict in
favor of the plaintiff and against the defendant."

The court charged as follows:

"When I use the expression 'proximate cause,'
I mean that cause which in the natural or probable
sequence produced the injury complained of. In
determining the question of proximate cause, you
should consider that there may be more than one
proximate cause in an accident of this character and
in considering proximate cause, I wish to say that
there must be a causal connection between the negli-
gent act of the party to be charged with the injury
and it is sufficient if the negligence of the party to
be charged with the injury was the original moving
cause which set in motion the chain of circumstances
leading up to the injury and which in natural con-
tinuous sequence, unbroken by any new independent
or intervening cause, produced the injury. So in
considering whether or not the defendant or the
operator of plaintiff's vehicle was negligent and
whether such negligence was the proximate cause
of the injury, that is the standard you should use.

"In considering proximate cause during your delib-
erations, you may consider the defendant's claim
that the driver of plaintiff's vehicle was negligent
and his negligence was the sole as distinguished
from a proximate cause of the injury."

Earlier in the charge the court accurately stated the claims of the parties and gave the burden of plaintiff to prove defendant's negligence and that it was a proximate cause of the accident. Later in the charge the court again indicated defendant's negligence had to be *one* of the proximate causes and that to bar recovery, the negligence of plaintiff's driver had to be the *sole* proximate cause.

Under the factual situation here presented, plaintiff's requests were proper. Whether it was reversible error not to give them requires determination. In making this determination, the first inquiry is whether the charge as given contains instructions on the points to which requests 11 and 12 are addressed. Appellant concedes this point,[1] but she contends proper explanation of the application to the facts was not given and because of this, she was denied a fair trial. Her argument to support this position is well documented with authorities purportedly sustaining her position. The weakness of the argument is that it assumes lack of proper explanation of application to the facts from a comparison of the requests with the quoted portion of the charge standing alone. In this light, a strong case is made for reversal. The rule that appellate courts view a trial court's instructions as a whole in determining their adequacy is elemental. The test to be applied is succinctly stated in *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437, 446:

"Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case?"

---

[1] "The trial judge in the instant case recognized the general rule that there may be two or more proximate causes of an accident but failed to properly explain its application to the facts of the case at hand." Last paragraph on p 10 of appellant's brief.

Applied to the case before us the answer is in the affirmative. This does not mean that plaintiff's requests 11 and 12 should not have been given, nor that it was not error to refuse to give them. It means that such refusal did not deny plaintiff a fair trial and thus constitute reversible error. This holding is not in conflict with the opinion of Justice SOURIS in *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194; the charge in the case before us, when read in its entirety, meets the standard announced in *Hill*.

In view of this finding, it is not necessary to decide the question of the timeliness of plaintiff's objection to the refusal of the trial court to give her requests 11 and 12. Due to the extensive argument on this point by both counsel, it is only fair to indicate the Court's position on the question. It is the opinion of this Court that if the record did not sustain the above finding, it would have been reversible error for the trial court to have refused to give plaintiff's requests 11 and 12. The record clearly indicates plaintiff's objection to the trial court's refusal to give these requests prior to the time the jury retired. This is all that GCR 1963, 516.2 requires.

The second question raised on this appeal concerns the trial court's denial of certain discovery requested by plaintiff. This was first requested orally at pretrial conference September 6, 1962. This request was made under former Court Rule No 35, § 6 (1945)[2] and the decision in *Kalamazoo Yellow Cab Co.* v. *Kalamazoo Circuit Judge* (1961), 363 Mich 384. Defendant objected to the request and the trial court denied it without prejudice to renew the request before trial. February 14, 1963, after taking defendant's deposition, plaintiff filed formal motion for discovery of certain repair bills, photographs,

---

[2] 334 Mich xl, adopted June 27, 1952.—REPORTER.

and statements disclosed by such deposition, specifically stating it was sought under GCR 1963, 310 and 306 for purposes of possible impeachment at time of trial. At this date, the GCR referred to had to be the 1963 rules; they govern the present question. At the opening of the trial June 20, 1963, plaintiff renewed her oral motion of September 6, 1962, for discovery; it is from denial of this motion that plaintiff appeals. Procedurally, the trial court must be sustained on its ruling. Plaintiff logically renewed her oral motion of September 6, 1962 by formal motion of February 14, 1963, and sought discovery of specific items disclosed at defendant's deposition. The record discloses plaintiff was furnished with copies of all available items requested in her formal motion; this probably explains the fact that no order was made on the motion. On such a record, the trial judge was entirely justified in denying the dilatory renewal of the oral motion. To hold otherwise is to promote confusion. Controlling GCR 1963, 310 is discretionary and to satisfy the limitations contained in GCR 1963, 306.2 a factual showing, as opposed to mere statement of counsel, must be made that (a) denial of production or inspection will unfairly prejudice the party seeking same in the preparation of his claim or defense, or (b) such denial will cause that party undue hardship or injustice, or (c) what is sought is a statement from an adverse party or other witness obtained by a party, his attorney, surety, indemnitor, or agent and a copy thereof was not given to the witness or party to satisfy the "good cause" rule stated by Justice BLACK in *J. A. Utley Company* v. *Saginaw Circuit Judge* (1964), 372 Mich 367.

The trial court is affirmed, with costs to appellee.

McGREGOR, P. J., and FITZGERALD, J., concurred.