JOHNSTON *v.* NARMORE.

DECISION OF THE COURT.

1. AUTOMOBILES—REAR-END COLLISION—EQUALLY DIVIDED COURT.
Judgment for defendant, affirmed by the Court of Appeals in
action by passenger of car which collided with rear end of
defendant's car, is affirmed by an equally divided court.

SEPARATE OPINION FOR AFFIRMANCE.

DETHMERS and KELLY, JJ.

2. AUTOMOBILES—INSTRUCTIONS—NEGLIGENCE—PROXIMATE CAUSE.
*Failure to give proper requests to charge in action by passenger
of northbound car which collided with rear of defendant's car*

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 902.
[2]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1019,
      1031.
[3]  5 Am Jur 2d, Appeal and Error § 894.
[4]  5 Am Jur 2d, Appeal and Error §§ 891, 893.
[5]  23 Am Jur 2d, Depositions and Discovery §§ 143, 149, 152, 153,
      164, 165.
[6]  8 Am Jur 2d, Automobiles and Highway Traffic § 1019.
     53 Am Jur, Trial §§ 512, 516, 519, 524, 525.
[7, 8]  53 Am Jur, Trial § 519.
[9, 10]  53 Am Jur, Trial §§ 540, 549, 552, 637.
[11]  53 Am Jur, Trial § 538.
[12]  53 Am Jur, Trial §§ 538–540, 549, 552, 637.
[13]  53 Am Jur, Trial §§ 519, 520, 827–830, 832.
[14]  38 Am Jur, Negligence § 64.
[15]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018, 1021,
      1024, 1031.
     38 Am Jur, Negligence §§ 64, 366.
[16]  53 Am Jur, Trial §§ 510, 519, 520, 523, 827–830.
[17]  4 Am Jur 2d, Appeal and Error §§ 537, 538.
     5 Am Jur 2d, Appeal and Error § 623.
[18]  53 Am Jur, Trial §§ 832–835.
     4 Am Jur 2d, Appeal and Error §§ 537, 538.
     5 Am Jur 2d, Appeal and Error § 623.
[19]  53 Am Jur, Trial §§ 827, 832.

as latter had stopped alongside a northbound semi truck which had stopped behind a northbound school bus on right shoulder of road preparatory to making a left turn across 4-lane pavement that if the collision occurred as a result of the negligence of both plaintiff's driver and defendant that jury should find for plaintiff and that there might be more than 1 proximate cause of the accident held, not reversible error, where charge given, when considered as a whole, adequately informed jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case, such refusal not having denied the plaintiff a fair trial, especially in view of argument to jury made by plaintiff's counsel.

3. APPEAL AND ERROR—INSTRUCTIONS READ AS A WHOLE.
   An appellate court must read the charge to a jury as a whole in determining its adequacy.

4. SAME—INSTRUCTIONS—TEST OF ADEQUACY.
   An appellate court in determining the adequacy of instructions to a jury must decide whether instructions as given adequately informed the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case.

5. DISCOVERY—DISCRETION OF COURT.
   Holding of Court of Appeals that denial of plaintiff's renewal motion for discovery of specified items of evidence to be used for possible impeachment purposes, made at opening of trial, was not an abuse of discretion, where plaintiff had been furnished with copies of all available items requested in her formal motion, there being no showing (1) that such denial would unfairly prejudice plaintiff in the preparation of her claim, or (2) that denial would cause plaintiff undue hardship or injustice, or (3) that what is sought was a statement from an adverse party, his attorney, surety, indemnitor, or agent and a copy thereof was not given to the witness or party held, proper (GCR 1963, 306.2, 310).

SEPARATE OPINION FOR AFFIRMANCE.

O'HARA AND BLACK, JJ.

6. TRIAL—REQUESTS TO CHARGE—DISCRETION OF COURT.
   Refusal of trial judge to give requested instructions concerning concurrent negligence in action for damages resulting from an auto collision held, not an abuse of discretion, where the trial judge prior to jury argument disclosed to counsel in detail

the nature and content of the charge to be given, reviewed with counsel all requests to charge, and heard all objections to the charge, and where no objection was then made to failure to include the said instructions, and then after jury argument and charge, but prior to retirement of jury, plaintiff moved the court to give the instruction (GCR 1963, 516.1).

7. SAME—REQUESTS TO CHARGE—TIME OF PRESENTATION.

The better practice under the court rules is that requests to charge shall be presented "at any time the court reasonably directs" (GCR 1963, 516.1).

8. SAME — REQUESTS TO CHARGE — TIME OF PRESENTATION — COURT RULES.

The purpose of the court rule requiring that requests to charge shall be presented "at any time the court reasonably directs" is to provide (a) more time for judicial consideration of requests and (b) more time for such judicial determinations as are requisite to advising counsel about the content of the forthcoming charge before the arguments commence (GCR 1963, 516.1).

9. SAME—INSTRUCTIONS—ARGUMENT TO JURY.

Argument of one or the other or of both sides of a case being tried does not belong in jury instructions.

10. SAME — INSTRUCTIONS — ARGUMENT TO JURY — REQUESTS TO CHARGE.

Argument for neither side should be permitted entry into jury instructions by means of artfully drafted requests to charge.

11. SAME—REQUESTS TO CHARGE—INSTRUCTIONS.

Requested instructions, once they are adopted by the trial court, become the court's instructions, not requested instructions.

12. SAME—REQUESTS TO CHARGE—ARGUMENT OF A THEORY OR CAUSE.

Argument of a theory or cause must be left out of requests to charge on penalty of denial thereof because once requested instructions are adopted by the trial judge they become the court's instructions.

13. SAME—REQUESTS TO CHARGE—INSTRUCTIONS—APPEAL AND ERROR.

Court rule, which provides a firm right to assign as error "the failure to give an instruction," if the objections, stated specifically with assigned grounds, is made before the jury retires, does not mean that one party, by holding back his objection until all of the arguments are completed and the trial judge's

instructions have been given, may thereby gain the advantage of a final argument of his theory of the case through granted belated requests to charge (GCR 1963, 516.2).

SEPARATE OPINION FOR REVERSAL.

T. M. KAVANAGH, C. J., and SOURIS, SMITH, and ADAMS, JJ.

14. NEGLIGENCE—CONCURRENT NEGLIGENCE.

Recovery may be had by plaintiff against defendant when a plaintiff's injuries result from the concurrent negligence of defendant and another, each proximately contributing to such injuries.

15. AUTOMOBILES—INSTRUCTION—NEGLIGENCE—PROXIMATE CAUSE.

Plaintiff was entitled to an instruction that when plaintiff's injuries result from the concurrent negligence of defendant and another, each proximately contributing to such injuries, recovery may be had against defendant in action by passenger of northbound car which collided with rear of defendant's car as latter had stopped alongside a northbound semi truck which had stopped behind a northbound school bus on right shoulder of road preparatory to making a left turn across 4-lane pavement.

16. TRIAL—INSTRUCTION—RESPONSIBILITY OF COURT—COURT RULE.

Responsibility for instructing the jury with respect to basic and controlling issues in a case rests upon the trial judge, notwithstanding court rule providing that "no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection" (GCR 1963, 516.2).

17. APPEAL AND ERROR — INSTRUCTIONS — DISCRETION OF SUPREME COURT.

The discretion of the Supreme Court, to take note of instructions which err with respect to basic and controlling issues in a case even though no objection was made before jury retired and while correction could be made, will be sparingly exercised (GCR 1963, 516.2).

18. SAME—CONCURRENT NEGLIGENCE—FAILURE TO INSTRUCT.

Failure of trial court to instruct jury on a basic and controlling issue, concurrent negligence, the substance of which was contained in plaintiff's rejected requests to charge, in negligence action resulting from an auto collision, held, reversible error,

*since failure to instruct on that issue would require reversal to prevent the manifest injustice of permitting a litigant's cause to be judged by an uninformed and misinformed jury.*

19. SAME—OBJECTIONS—REQUESTS TO CHARGE.

*Plaintiff's objection to failure of trial court to give 2 requested instructions, which objection was made after argument and charge to the jury but before the jury withdrew for deliberations held, timely, and well within the time limitations of the court rule (GCR 1963, 516.2).*

Appeal from Court of Appeals, Division 2; McGregor, P. J., Quinn and Fitzgerald, JJ. affirming Ingham; Salmon (Marvin J.), J. Submitted June 8, 1966. (Calendar No. 7, Docket No. 51,260.) Decided December 6, 1966.

1 Mich App 160, affirmed by an equally divided court.

Declaration by Elizabeth Johnston against Lowell I. Narmore for injuries sustained when an automobile in which plaintiff was a passenger struck defendant's automobile. Verdict and judgment for defendant in trial court. Judgment affirmed by Court of Appeals. Plaintiff appeals. Affirmed by an equally divided court.

*Cicinelli, Mossner, Majoros & Harrigan (Peter F. Cicinelli* and *Eugene D. Mossner,* of counsel) and *Nuel N. Donley,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin (John L. Collins* and *Edmund E. Shepherd,* of counsel) for defendant.

KELLY, J. *(for affirmance).* Plaintiff's action for damages for injuries received when the automobile she was riding in as a passenger collided with the

rear of defendant's car resulted in an Ingham county jury verdict of no cause for action. Judgment for defendant was affirmed by the Michigan Court of Appeals (*Johnston* v. *Narmore,* 1 Mich App 160). ·

Plaintiff was a passenger in the front seat of an automobile driven by Lewis E. Preston as it proceeded north about 4 o'clock in the afternoon on US–127, a four-lane, divided highway. It was a clear day and the pavement was dry.

A school bus was stopped on the right shoulder of US–127 waiting for the traffic to clear before making a left turn on Edgar road.

The appellate court briefly and accurately described the events preceding the accident as follows (p 162):

"Approaching the bus from the rear and in the right lane of traffic were two automobiles, a semi truck, defendant, and Preston, in that order. It is not clear what happened to the two automobiles first mentioned, but the semi stopped in the right lane of the highway, about 10 feet behind the school bus. Defendant drove into the left lane to pass the truck; braked suddenly without signaling and was struck in the rear by Preston. The collision occurred about opposite the rear of the bus."

Plaintiff's counsel did not object to the court's proposed instructions as same were read by him before being presented to the jury, nor did he object at the conclusion of the court's instructions as the jury was being instructed for the night. The next morning when the jury returned for deliberation plaintiff presented for the first time his objections to the omission of his proposed instructions 11 and 12 from the charge.

Proposed instruction 11 read:

"Members of the jury, I instruct you that if you find that the collision occurred as a result of the

combined negligence of the defendant Narmore and
plaintiff's driver, Mr. Preston, then you would still
be required to bring back a verdict in favor of the
plaintiff.

"In other words, if you find that Mr. Preston was
guilty of some negligence which contributed to the
collision, but you also find that the defendant Nar-
more was also negligent and contributed to the hap-
pening of the accident then it would be your duty
to return a verdict in favor of the plaintiff and
against the defendant."

Proposed instruction 12 was as follows:

"The proximate cause of an accident does not
necessarily mean the sole cause or the only cause
thereof.  I instruct you that there may be more than
one proximate cause of an accident.  Therefore, even
though you might find that the driver of the plaintiff
car, Mr. Preston, was in some way negligent in his
manner of driving, if you further find that defend-
ant Narmore was also negligent in suddenly stop-
ping his car on the traveled portion of the highway
or in failing to warn plaintiff's driver that he was
going to stop and that such negligence on the part
of the defendant Narmore was at least one of the
contributing causes to the accident and the resulting
injuries to the plaintiff, then in that event it would
be your duty to bring back a verdict in favor of the
plaintiff and against the defendant."

In denying plaintiff's request, the court stated:

"The court is of the opinion that it would tend
to highlight this one particular phase of the case
if given at this time and the court is further of the
opinion that the charge taken as a whole is not mis-
leading on this matter of proximate cause."

Plaintiff presents the following question:

"Did the trial court err in failing to clearly in-
struct the jury that if the jury found both the de-

fendant and plaintiff's own driver guilty of negligence which contributed to the happening of the accident, plaintiff could still recover a verdict?"

The appellate court answered plaintiff's question as follows (pp 164, 165):

"Under the factual situation here presented, plaintiff's requests were proper. Whether it was reversible error not to give them requires determination. In making this determination, the first inquiry is whether the charge as given contains instructions on the points to which requests 11 and 12 are addressed. Appellant concedes this point, but she contends proper explanation of the application to the facts was not given and because of this, she was denied a fair trial. * * * The rule that appellate courts view a trial court's instructions as a whole in determining their adequacy is elemental. The test to be applied is succinctly stated in *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437, 446:

" 'Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case?'

"Applied to the case before us the answer is in the affirmative. This does not mean that plaintiff's requests 11 and 12 should not have been given, nor that it was not error to refuse to give them. It means that such refusal did not deny plaintiff a fair trial and thus constitute reversible error."

We agree with the Court of Appeals that the instructions as given adequately informed the jury on the applicable law and the refusal of the trial court to give proposed instructions 11 and 12 did not deny plaintiff a fair trial and thus constitute reversible error.

The court's instructions plus plaintiff's forceful closing argument to the jury convince us that the jury understood "that if the jury found both the defendant and plaintiff's own driver guilty of negligence which contributed to the happening of the accident, plaintiff could still recover a verdict."

Counsel for plaintiff in the closing argument stressed, without interruption or objection, the point that even though the jury found that both drivers were "at fault" plaintiff should recover from defendant and, as counsel concluded his argument on the question of damages, he again advised the jury without objection or interruption that plaintiff was not insisting on her rights to full damages if her driver was also at fault, as evidenced by the following:

"Now, you will remember when I talked about if you found that there was some fault on the part of both drivers and the court will instruct you that nevertheless you could hold Mr. Narmore's side here for the full amount of the damage she has coming. I have discussed this with our people and even though they would be entitled, if you find for this woman, to full compensation, we ask that in all justice and fairness, even though the law doesn't command that you do, that whatever damages you arrive at, deduct the percentage that you think, if you do find, that Mr. Preston may have contributed to this accident. In other words, I am not saying that what you should find, but assuming that you find that both drivers were equally at fault and the law would permit you to find against Mr. Narmore's side here for the full amount, I am asking you in all justice and fairness, even though the law is to the contrary, to give less. If it is fifty-fifty, cut that sum in half and award her a lesser sum than the law would give her as full compensation."

Plaintiff also claims the trial court erred in denying plaintiff's motion for discovery of extrajudicial statements of defendant and other witnesses for the purposes of possible impeachment.

Plaintiff predicates error upon the court's denial of the motion after the jury had been impaneled and sworn.

We are in complete accord with appellate court Judge QUINN's opinion that the trial court did not err in denying plaintiff's motion. (1 Mich App 160, 165, 166.)

Affirmed. Costs to appellee.

DETHMERS, J., concurred with KELLY, J.

BLACK, J. (for affirmance). It is advisable that we retain in the appellate focus what this appellant plaintiff brought before the Court of Appeals for review, and what she did not. No question of *erroneous jury instruction* was raised and saved in the trial court and no such question was attemptedly urged in the Court of Appeals. The plaintiff did insist below, and insists here, *that the trial judge's refusal to grant her requests to charge 11 and 12 constituted reversible error.* With that question, only that question, is this Court presently concerned.[1]

I regard requests 11 and 12 as argumentatively improper. I hold also that the circumstances of their once-waived and ultimately tardy advancement (after completion of jury argument and jury instruction) provides no basis for test of the trial judge's discretion to reopen the charge for instruc-

---

[1] A second question submitted for review is whether the trial judge erred in denying plaintiff's motion for discovery of documents (see discussion of this question by the Court of Appeals, 1 Mich App at 165, 166). For approval of disposition by the Court of Appeals of this question, see Justice KELLY's opinion. I agree with Justice KELLY in such regard.

tion according to the theory of such requests and such additional requests as defendant naturally might offer to counter them.

The trial judge went out of his usual painstaking way to assure for counsel that which GCR 1963, 516.1 pointedly contemplates, that is, firm advices to them, *prior to jury argument,* of the nature and content of the charge to be given. Indeed, having reviewed with counsel *all* requests to charge of the parties, and having heard *all* objections to grant or refusal to grant requests with no reference made by plaintiff's counsel to denial of said requests 11 and 12, Judge Salmon prepared the charge to be delivered and permitted counsel to examine it "in detail."

It is emphasized that this was done *prior* to jury argument and jury instruction. Thus plaintiff's counsel with full knowledge of the charge to follow was permitted to urge his legal and factual theory of recovery upon the jury, even unto the novel suggestion that the jury should "cut that sum in half" should it find both drivers negligent. (For full quotation, see Justice KELLY's opinion.) To more than all this, plaintiff was not entitled excepting at discretion of the trial judge; a discretion I hold on this record was not abused.

The former rule was that "better practice requires that requests should be presented at such times as will enable the trial court to consider them before the arguments are completed." *Niemi* v. *Brady,* 230 Mich 217, 219, 220; *Sedorchuk* v. *Weeder,* 311 Mich 6, 10. The present "better practice" is that requests *shall* be presented (filed) "at any time the court reasonably directs." GCR 1963, 516.1. The purpose of course is to provide (a) more time for judicial consideration of requests and (b) more time for such judicial determinations as are requisite to advising counsel about the content of the forthcom-

ing charge *before the arguments commence.* Now
for the record.

At the close of proofs this beginning of a com-
prehensive record of objection and consideration of
objection to the submitted requests to charge (Nos.
11 and 12 included) was made:

"*The Court:* Well, gentlemen, you have conferred
with the court pursuant to the rule concerning the
court's charge, more specifically, the requests to
charge, is that correct?

"*Mr. Collins:* That is correct, if the court please,
insofar as the defendant is concerned.

"*Mr. Cicinelli:* This is correct.

"*The Court:* And I have shown counsel my pro-
posed charge which I have in writing?

"*Mr. Cicinelli:* Yes, you have.

"*The Court:* And I am going to have it marked
as an exhibit. Would you mark it, please, Mr. Re-
porter, as the court's exhibit, I guess.

"*Mr. Cicinelli:* The court has permitted us to ex-
amine this exhibit in detail. We have discussed it
with the court.

"*Mr. Collins:* That is correct, if the court please,
as far as the defense is concerned.

"*The Court:* If you gentlemen have any objec-
tions to it, would you make it known now, please?

"*Mr. Collins:* Mr. Cicinelli, do you want to go
first?

"*Mr. Cicinelli:* Well, I would respectfully object
to the court's not having placed therein all of the
proposed instructions, which I understand the court
has in part and not in part, plaintiff's proposed
instructions.

"Your honor, we also object to the court's accept-
ing in totality each and every one of the proposed
instructions as submitted to the court by defense
counsel.

"The court's own instructions, which I see is a
part of the exhibit the court has just referred to,
we have no objection to.

*"The Court:* You have objected on the grounds that I have not included some of your instructions?

*"Mr. Cicinelli:* Right.

*"The Court:* Would you be a little more specific on that, please?

*"Mr. Cicinelli:* Plaintiff's proposed instruction 6 and 6-B and plaintiff's proposed instruction No. 3.

*"The Court:* 3. Well, as to 6, the court is of the opinion that it is otherwise covered in the instructions. As to 6-B, the court is of the opinion that some phases of that, Mr. Cicinelli, are not consistent with other phases of your requests to charge. And as to 3, I think we have discussed in detail the reasons for not giving that. * * *

*"Mr. Collins:* With regard to plaintiff's request to charge 10, the only comment I have with regard to that, if the court please, I think that that has been previously covered under portions of the previous discussion by the court under 6-D.

*"The Court:* Which one is that, Mr. Collins?

*"Mr. Collins:* 10 of plaintiff's requests to charge. I think it has also been covered in 6-D and I am somewhat fearful with regard to repetition.

*"The Court:* Well, I am inclined to agree with you on that.

*"Mr. Cicinelli:* I agree also.

*"The Court:* All right. We will take out 6-D then, if that is agreeable.

*"Mr. Cicinelli:* Satisfactory."

The record concluded with no further objection by plaintiff's counsel to the charge he knew was to be delivered. Jury arguments proceeded and concluded. Then came the charge, ending with these overnight instructions:

"Members of the jury, it is now about 5 o'clock. We have taken several days of testimony here. I hesitate in giving you this case now to go to your jury room to deliberate. I think we will not swear the officer now. I will let you go home now and

come back tomorrow morning to deliberate. I wish you would be here at 9:30. Now when you get here we will have to have you come to the jury box and the officer then will be sworn and then you will go to your deliberation. But may I please caution you, don't talk with anybody about this case. It is entirely in your hands now. Don't discuss it among yourselves until you get to your jury room in your deliberations and don't permit anyone to discuss it in your presence. And if you have any problems along this line, report it to the court. And with that admonition, we will recess now until tomorrow morning at 9:30."

The next morning, for the first time, plaintiff's counsel raised question about denial of his requests 11 and 12 and moved for grant of same. He said "I was not aware, frankly, that the court had not selected one or both of these instructions to give to. the jury." The jury at this time waited in the juryroom for authority to commence deliberations. After hearing both counsel at length, Judge Salmon announced his ruling and the reasons for it:

"*The Court:* Having in mind the fact that the court did, pursuant to the court rule, have a conference with counsel relative to the proposed requests to charge and, in addition thereto, came back into the courtroom and put the matter on the record, advised counsel of the charge that the court was going to give and it is now a part of the file and having in mind the fact that counsel did object to all of the requests that were not given or objected because all his requests were not given and the court then asked for more detail, I don't believe that this was raised by you, Mr. Cicinelli, at that time. Further, the court is of the opinion that it would tend to highlight this one particular phase of the case if given at this time and the court is further of the opinion that the charge taken as a whole is not misleading on this matter of a proxi-

mate cause. And I didn't realize that I had unduly emphasized either side or the claims on either side, or the law on either side of this matter. In fact, this is the first time I have heard of that and the court still believes that this is a fair charge.

"With that in mind, the court will deny your request, Mr. Cicinelli."

Judge Salmon, proceeding as authorized by rule, having reached that point in the trial where the jurors were ready to deliberate, was possessed of discretion to deny a request for additional instructions; there being no claim that the instructions already given were erroneous in whole or in part. The time for advancement and recorded insistence upon grant of requests 11 and 12 was the day before, during the time allotted by the court for that purpose. At that time court and counsel might well have agreed upon some simpler and less objectionable form of instruction; leaving out that "in other words" and "therefore" phrasing; inserting the required "by a preponderance of the evidence" condition; defining "combined negligence" if indeed the rightful applicable expression "concurrent negligence" was not to be employed, and providing for such adjusted form of instruction a sequential place in the charge. That was not done, however, through no fault of the trial judge.

Argument of one or the other or of both sides of a case being tried does not belong in jury instructions. Nor should it be permitted entry by means of artfully drafted requests to charge. Requested instructions, once they are adopted by the trial judge, become "the court's instructions,—not requested instructions." *People* v. *Hunter,* 370 Mich 262, 267, following *Reetz* v. *Rigg,* 367 Mich 35, 39, 40. That is the reason for continued judicial insistence that argument of a theory or cause must

be left out of requests to charge on penalty of denial thereof.

To be sure, GCR 1963, 516.2 provides firm right to assign as error "the failure to give an instruction," the only condition being that an objection to such failure, stated "specifically" with assigned grounds, must be made before the jury retires for deliberation. But 516.2 provides no more than that; certainly no warrant that the objection will be upheld as of course or that it is to be tested on review other than on merit in the circumstances of its presentation. To be sharply precise, 516.2 does not mean that one party, by holding back his "objection" until all of the arguments are completed and the trial judge's instructions have been delivered in accordance with the impeccably fair procedure followed here, may thereby gain the advantage of a final argument—from the bench—of his theory of the case.[2]

From time to time in the pages of our reports some members of the Court have noted that a searching test of any posed legal question may be had by trying it on inside out, that is, in reverse. Suppose an indulgent Judge Salmon had granted plaintiff's last minute request for delivery of Nos. 11 and 12 as instructions the jury should follow, and suppose the jury's verdict had been affirmative—in favor of the plaintiff. Would we say then that the defendant's vehement objection to such procedure was weightless as assigned error? The sum of that objection was: '

"I would say this, further, to the court, that at this time the court having completed its instructions last evening at approximately 5 o'clock, the jury at that time being discharged because of the lateness

---

[2] See present quotation of the particularly pointed portion of defense counsel's objection to plaintiff's motion for grant of requests 11 and 12.

of the hour, that for the court at this time immediately before this jury retires to give the instructions which plaintiff's counsel now says must be given, I submit to the court it would be highly prejudicial to this defendant. It would pinpoint a claim which Mr. Cicinelli argued vigorously to the jury. I can't conceive that there would be any doubt in their mind."

In the circumstances presented here I find no error, reversible or otherwise. I therefore agree with Justice KELLY that the judgment of the Court of Appeals should be affirmed.

O'HARA, J., concurred with BLACK, J.

SOURIS, J. (*for reversal*). It is the law of this State that when a plaintiff's injuries result from the concurrent negligence of defendant and another, each proximately contributing to such injuries, recovery may be had against defendant. *Stabler* v. *Copeland* (1942), 304 Mich 1; and *Bishop* v. *Plumb* (1961), 363 Mich 87. As the issues developed in this case at trial, by pleadings and proofs, the plaintiff was entitled to have the jury so instructed. The Court of Appeals so stated, but decided that the instructions given adequately informed the jury on the applicable law, including the foregoing proposition of law. 1 Mich App 160, 164, 165. Mr. Justice KELLY agrees. I do not.

Viewing the circuit judge's jury charge in its entirety and excluding his brief statement therein of plaintiff's "*claims*," as distinguished from the judge's subsequent *instructions* on the "*law*" of the case, I find only the following language even remotely pertinent to the legal issue of proximate cause, sole, superseding, or concurrent:

"The plaintiff has the burden of proving each of the following propositions: First, that the defendant driver acted, or failed to act, in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent. Second, that the plaintiff was injured in her person and suffered damage. Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

"If you find from your consideration of all the evidence that each of the propositions required of the plaintiff has been proved, then your verdict should be for the plaintiff. But if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant.

"The defendant has no burden of proof in this case. It is not the defendant's burden to prove his claim that the plaintiff's driver's conduct was the sole and proximate cause of the collision; rather, the burden is on the plaintiff to prove that the defendant was guilty of negligence which was the or a proximate cause of the collision.   *   *   *

"When I use the expression 'proximate cause,' I mean that cause which in natural or probable sequence produced the injury complained of.

"In determining the question of proximate cause you should consider that there may be more than one proximate cause in an accident of this character and in considering proximate cause, I wish to say that there must be a causal connection between the negligent act of the party to be charged with the injury and *it is sufficient if the negligence of the party to be charged with the injury was the original moving cause which set in motion the chain of circumstances leading up to the injury and which in natural continuous sequence, unbroken by any new independent or intervening cause, produced the injury. So in considering whether or not the defendant or the operator of plaintiff's vehicle was negligent and whether such negligence was the proximate*

*cause of the injury, that is the standard you should use.*

"In considering proximate cause during your deliberations, you may consider the defendant's claim that the driver of plaintiff's vehicle was negligent and his negligence was the sole as distinguished from a proximate cause of the injury.   *   *   *

"I further instruct you that if you find by a preponderance of the evidence that the defendant did violate the statute[1] that plaintiff may still not recover unless you also find that the failure to comply with the statute was one of the proximate causes of the injury to the plaintiff.   *   *   *

"Now with regard to this presumption [presumption of negligence by driver of car that rear-ends another], if you find from a preponderance of the evidence that the evidence offered to rebut this presumption is reliable and believable, then you shall not consider this presumption in determining whether the driver of plaintiff's car was guilty of negligence in this regard, as claimed by the defendant. On the other hand, if you find and believe from a preponderance of the evidence that is before you that such evidence does not rebut or overcome this presumption, then the driver of plaintiff's vehicle would be presumed guilty of negligence and if you further find that this negligence on the part of the plaintiff's driver was the sole cause of the plaintiff's injuries, then your verdict should be for the defendant.   *   *   *

"In this case some of the injuries claimed by the plaintiff consist of an aggravation of a pre-existing condition. I instruct you that here again the plaintiff has the burden of proving by a preponderance of the evidence the fact that such aggravation did occur and the nature and extent thereof. In the event that you should find by a preponderance of the evidence that there was in fact such aggravation and that the same was proximately caused by the

---

[1] CLS 1961, § 257.648 (Stat Ann 1960 Rev § 9.2348).

defendant's negligence, then you should award reasonable damages for such pain, suffering or other loss sustained by the plaintiff as a result of the aggravated condition."

Nowhere in the foregoing instructions do I find any statement of the applicable law of the case, that plaintiff would be entitled to recover her damages from defendant if the jury should find that her injuries were caused by the concurrent negligence of defendant and some other person, each proximately contributing to plaintiff's injuries. Instead, the jury was instructed that if it should find there was more than one proximate cause of the collision that injured plaintiff, she may recover from defendant if (and, apparently, *only* if) defendant's negligence *"was the original moving cause which set in motion the chain of circumstances leading up to the injury and which in natural continuous sequence, unbroken by any new independent or intervening cause, produced the injury."* The language quoted from the instruction, given at defendant's request, does not refer to the legal issue of *concurrent negligence.* Instead, it refers to the wholly distinct issue of *superseding negligence* and, even as to that issue, it is not an accurate statement of the law of Michigan, *White* v. *Huffmaster* (1949), 326 Mich 108, notwithstanding. See Mr. Justice BLACK's discussion of this issue in his opinion for the entire Court in *Berry* v. *Visser* (1958), 354 Mich 38, 44-48.

In Michigan, responsibility for instructing the jury with respect to the basic and controlling issues in a case rests upon the trial judge. This is so notwithstanding the following language in GCR 1963, 516.2:

".2 Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider

the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Less than two years ago, in May of 1965, in *Hunt v. Deming,* 375 Mich 581, after having noted and quoted that subrule, this Court said, unanimously (p 585):

"This is not to say that this Court may not, in unusual circumstances, and to prevent manifest injustice, take note of instructions which err with respect to basic and controlling issues in a case even though objection thereto was not made before the jury retired. See 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed 1963), p 567. It is to say, however, that the Court will exercise its discretion in this fashion but sparingly. To do otherwise would be to encourage counsel to maintain silence in the face of correctable erroneous instructions, hoarding their objections for use in the event of an unfavorable jury verdict. The course of expeditious justice is furthered by requiring that such objections be made while time yet remains to set the record straight."

Even had plaintiff's counsel not objected to the failure of the trial judge to instruct on the issue of concurrent negligence, the substance of which was contained in plaintiff's requested instructions 11 and 12, quoted in Justice KELLY's opinion, the issue of concurrent negligence being a basic and controlling issue in this case, failure to instruct thereon would require our reversal to prevent the manifest injustice of permitting a litigant's cause to be judged by an uninformed and, indeed, misinformed, jury.

It is true that when the trial judge advised counsel for the parties before their jury arguments what

instructions he proposed to give, plaintiff's counsel did *not* note *then* an objection to omission of his requested instructions 11 and 12. It is fair to assume that plaintiff's counsel simply was unaware at that time that the trial.judge did not propose to give at least the substance of plaintiff's concurrent negligent requests, for the record discloses that in his argument[2] to the jury plaintiff's counsel argued the issue of concurrent negligence and said to the jury that the judge would instruct on that issue of law.

We should not attribute to counsel a purpose thus unethically to mislead the jury by arguing an issue he knew was not going to be included in the judge's charge to the jury; nor should we on this record attribute to counsel unethical conduct in deliberately refraining from noting his objection to such omission until after the judge had completed his jury charge in order to gain what is claimed would have been an advantage of undue emphasis by a corrective instruction. The profession deserves more from this Court than a factually unsupported presumption of venality.

But the fact is that plaintiff's counsel did object to the trial court's omission in this case, and his objection was timely, well within the time limitations of the above-quoted subrule, GCR 1963, 516.2. Following counsel's argument to the jury, the trial judge delivered his charge to the jury, apparently at the very end of a trial day. He thereupon recessed the court, advising the jury to return to the courtroom

---

[2] We reject Justice KELLY's reliance upon the contents of counsel's jury argument as pertinent to his conclusion "that the jury understood 'that if the jury found both the defendant and plaintiff's own driver guilty of negligence which contributed to the happening of the accident, plaintiff could still recover a verdict.'" The jury should have been instructed that that was the law to be applied by it to the facts it found, but it was not so instructed by the only agency we recognize in our system of justice as legally empowered to instruct a jury upon the law— the trial judge.

the following morning before beginning deliberation
on its verdict.  The transcript of proceedings at
this point shows what transpired next on the follow-
ing morning.  It commences as follows:

"(Forenoon session, proceedings continued out of
the presence of the jury.)

"*The Court:* All right.  Mr. Cicinelli has some-
thing he wants to put on the record.

"*Mr. Cicinelli:* Your Honor, yesterday, immedi-
ately after the court's instructions last evening, both
counsel, after the jury had left the room, stepped up
to the court, counsel for the other side stepped up,
and I indicated that I wanted to take a matter up
with the court in reference to the instructions so
that the court would be given an opportunity to hear
what objections I had in reference to the omission
of certain instructions that we had proffered in ref-
erence to the question of two proximate causes, com-
bined negligence.  I am referring to the combined,
possible combined negligence of the plaintiff [plain-
tiff's?] driver and the defendant Narmore.  This, so
that the record could be set straight and the court
given an opportunity to submit further instructions
along the line if he thought we were correct in our
position before the jury was sent in to the jury room
to deliberate.

"Now, as of now, as I understand it, the jury is
waiting in their waiting room, waiting to be sworn
in and to be sent out to deliberate.  Before they do
that, I would like to complete what we took up last
night partially on the record and partially off the
record, at which time you decided, I think, to delay
it until this morning and take it up again.

"Now the objection that I have is the deep concern
with the court's not having given either one or both
of plaintiff's requested instructions, proposed in-
structions, being paragraphs 11 and 12 of the in-
structions which we submitted to court and counsel
yesterday morning, Tuesday, about 9 o'clock."

Neither the trial judge nor defendant's counsel objected then, nor does defendant now, that Mr. Cicinelli did not state the facts accurately, that is to say, that on the preceding evening the trial judge decided to delay considering objections to the charge as given, as distinguished from those proposed, until the following morning when in fact Mr. Cicinelli made the specific objection that the trial judge's charge to the jury omitted his requested instructions on the issue of concurrent negligence. Having made his objection before the jury retired to consider its verdict, plaintiff's counsel complied fully with the requirements of GCR 1963, 516.2.

Under such circumstances, plaintiff was entitled to have a corrective instruction given on the issue of concurrent negligence before the jury began its deliberations. There was time then to prevent manifest injustice. It was not done, and thus we must reverse and remand for new trial. Plaintiff may tax her costs.

T. M. Kavanagh, C. J., and Smith and Adams, JJ., concurred with Souris, J.