O'DONNELL v. H. J. VAN HOLLENBECK LEASING, INC.

1. NEGLIGENCE—AUTOMOBILES—INSTRUCTIONS TO JURY—OBJECTIONS —APPEAL AND ERROR.

No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict (GCR 1963, 516.2).

2. SAME—AUTOMOBILES—INSTRUCTIONS TO JURY—OBJECTIONS—APPEAL AND ERROR.

The rule requiring objections to jury instructions to be made before the jury retires in order to preserve them for appeal will be applied where counsel claims to have objected off the record, but no objections are noted on the record (GCR 1963, 516.2).

3. SAME—AUTOMOBILES—INSTRUCTIONS TO JURY—APPEAL AND ERROR —POWER OF COURT TO ACT *Sua Sponte*.

An appellate court has the power to act *sua sponte* to avoid manifest injustice even where timely objection was not made, but this power must be exercised sparingly and will not be invoked in the case of a charge to the jury which adequately covered the basic issues, where counsel had adequate opportunity to object.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 53 Am Jur, Trial §§ 824 *et seq.*, 844.
[5] 53 Am Jur, Trial § 680 *et seq.*

4. Same—Automobiles—Instructions to Jury—Duty to Inform
Counsel—Timely Objection.

, It is the duty of the court to inform counsel of its proposed
action on requests to charge the jury before argument. to the
jury, but failure of the court to observe this rule does not ex-
cuse the parties from their duty of timely objection (GCR
1963, 516.1).

5. Same—Automobiles—Incompetent Persons—Presumption of
Due Care—Rebuttal of Presumption—Jury Question.

A person killed or rendered incompetent to testify by an accident
is presumed to have used due care immediately before and
during the accident, but the question of whether evidence offered
by the other party effectively rebuts the presumption is for
the consideration of the jury.

Appeal from Macomb, Spier (James E.), J. Sub-
mitted Division 2 April 4, 1968, at Detroit. (Docket
Nos. 3,761 & 3,762.) Decided July 26, 1968. Re-
hearing denied September 6, 1968. Leave to appeal
denied December 11, 1968. See 381 Mich 791.

Complaint by Edward J. O'Donnell, administra-
tor of the estate of Mary Teale, deceased, and by
William J. Teale, by his guardian, Edward J. O'Don-
nell, against H. J. Van Hollenbeck Leasing, Inc., a
Michigan corporation, for damages resulting from
an automobile collision. Judgment for defendant.
Plaintiff appeals. Affirmed.

*William J. McBrearty,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock,* for de-
fendant.

Fitzgerald, J. Plaintiff, William J. Teale, was
71 years of age on September 5, 1963, when he was
involved in a collision between his automobile and
another automobile driven by defendant's driver.
Plaintiff Teale had entered and partially crossed

Gratiot Avenue, a 3-lane highway, while he was proceeding west on 26-Mile road in Macomb County, when his car was hit on the right rear panel by defendant's driver who was proceeding in a southwesterly direction on Gratiot. A stop sign faces 26-Mile road, and Gratiot is a through highway. Plaintiff Teale claimed that his automobile was already two-thirds beyond the west edge of Gratiot when the collision took place. As the result of the collision, plaintiff Teale suffered permanent brain damage, rendering him incompetent, and his wife perished.

Other facts as to an alleged impairment of defendant's driver, the speed of his vehicle and the location of the cars before and after the accident, were speculative, were considered by the jury, and will not be relevant to the disposition of this appeal. Plaintiffs together sought $150,000 in damages, but the jury returned a verdict of no cause of action after considering the negligence of the parties. Plaintiffs appeal.

Among the 7 issues offered by plaintiffs are 5 concerning the charge and instructions of the trial court to the jury. However, there is some question as to the timeliness of counsel's objections to these alleged errors. The trial court noted on the record that "exceptions" had been made off the record to the instructions he was about to give. At no time did counsel for plaintiff put his objections on the record. GCR 1963, 516.2, reads as follows:

"2. Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the ground of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Thus, generally an objection to the charge must be made at the latest following the charge, before the jury begins deliberations (*Hunt* v. *Deming* [1965], 375 Mich 581) even though counsel for plaintiff complains in his brief that, "It would have done no good to object *after* the jury had been charged." This *is* the rule, and although plaintiffs' counsel was clearly given full opportunity to object, we are unable to determine whether he did so off the record. There is no conclusive evidence of any objection noted on the record.

We have recently held in the case of *Taylor* v. *American Legion Post 180* (1967), 6 Mich App 398, that timely objection must be made by a party to an alleged error of the trial court in order to give the court a chance to correct it, if necessary, and that if this is not done we will not consider the error on appeal. However, plaintiffs' counsel cites language from the opinion for reversal of Justice Souris in the case of *Johnston* v. *Narmore* (1966), 378 Mich 491, for the proposition that the trial court must instruct the jury on certain basic and controlling issues in the case (such as concurrent negligence) even if counsel does not object timely. We observe that counsel did object in the *Johnston Case,* making such discussion purely advisory. An appellate court does have the power, to be exercised sparingly, to act *sua sponte* to avoid manifest injustice, even where timely objection was *not* made. *Hunt* v. *Deming, supra;* also, see, *In Re Willey Estate* (1967), 9 Mich App 245. Such limited power will certainly not be invoked here where the basic issues were adequately covered in the charge which we have read, as we must, as a whole (*Johnston* v. *Narmore, supra*), and where the plaintiff was given full opportunity to object on the record following the charge.

A similar objection is made to the failure of counsel for plaintiff to object to alleged opinionated comments by the trial court, made by the court both during the trial and in the instructions to the jury. Counsel has not provided us with any instances of such opinions made during the trial which could have so prejudiced his client as to require reversal.

Counsel for plaintiff finally complains of the admitted failure of the trial court to inform counsel of its "proposed" charge to the jury. GCR 1963, 516.1, states that, following the submission of written requests for instructions:

"The court shall inform counsel of its proposed action on the requests prior to their argument to the jury, and, subject to the provision of subrule 516.3, shall instruct the jury after the arguments are completed."

We note that again counsel for plaintiff did not object on the record to the errors allegedly made by the trial court until now. This Court has stated in *Taylor* v. *American Legion Post 180, supra,* 403, that the failure of the trial court to observe GCR 1963, 516.1, does not excuse the parties from their duty of timely objection under the requirements of GCR 1963, 516.1. The only exception to this rule is where the trial court refused to permit counsel to object at all, and that was certainly not the situation here. Admittedly, we are aware that several discussions between counsel and the court were had off the record. If counsel wished to note an unfavorable ruling of the trial court, he should have done so on the record. As said in *People* v. *Zimmerman* (1968), 12 Mich App 241, "We cannot do it for him."

One objection was made to the failure of defendant's counsel to mention the presumption of care to which a person, now mentally incompetent, is en-

titled.[1] The trial court received this objection and properly referred to this presumption in its charge.

The question of whether the evidence offered by the defendant effectively rebutted the presumption of due care was properly presented to the jury for their consideration.[2]

The repeated pleas of counsel that he did object off the record convinces us that it would be unwise to base our opinion only on his failure to object on the record. This case is not one such as is mentioned by Justice Souris in his dissent in *Johnston v. Narmore, supra,* which would require reversal despite the failure of plaintiffs' counsel to offer timely objection. Review of the entire charge convinces this Court that the law was fairly stated by the trial court to the jury.

Affirmed.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.

---

[1] *Weller* v. *Mancha* (1958), 353 Mich 189; also, see the first opinion in *Weller* v. *Mancha* (1957), 351 Mich 50.

[2] See *Gillett* v. *Michigan United Traction Co.* (1919), 205 Mich 410, wherein the presumption of due care creates a jury question in "the case where direct or circumstantial evidence is presented which has but a slight or inconclusive tendency to overcome the presumption. As to this class, the presumption and the testimony make, according to *Gillett*, a jury question to be submitted under rules stated on page 416 of the report." (Quotation from separate opinion, *Hett* v. *Duffy* [1956], 346 Mich 456, 462, 463.)