### HINDES *v.* HEYBOER.

1. AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—EVIDENCE.
   Record in action under death act by administratrix of estate of passenger in appellants' southbound car which had stopped before crossing State trunkline highway at 10:20 p.m. on a clear, dry night in mid-March when it was hit by an eastbound car *held*, to fail to disclose that appellant driver had ignored warnings of passengers, had driven at an excessive rate of speed, or had displayed any other actions from which a jury could reasonably find she was guilty of wilful or wanton misconduct constituting gross negligence entitling plaintiff to recover from either the lessee or lessor of the car (CLS 1956, § 257.401; CL 1948, §§ 691.581, 691.582).

2. SAME—GROSS NEGLIGENCE—INTOXICATING LIQUOR—EVIDENCE.
   Record in action under death act by administratrix of estate of passenger in appellants' southbound car which collided with eastbound car at intersection *held*, to fail to show gross negligence on part of appellant driver, by reason of driving while intoxicated at time of accident, notwithstanding there was evi-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 288.
[2] 5A Am Jur, Automobiles and Highway Traffic § 499.
Intoxication of defendant as defense to action under automobile guest statutes. 141 ALR 58.

dence that she was under the influence of alcohol about an hour theretofore, there being no other evidence supporting claim of gross negligence (CLS 1956, § 257.401; CL 1948, §§ 691.581, 691.582).

Appeal from Muskegon; Beers (Henry L.), J. Submitted December 6, 1962. (Docket No. 107, Calendar No. 49,587.) Decided December 31, 1962. Rehearing denied February 6, 1963.

Case by Gladys Hindes, administratrix of the estate of Sandra Hindes, against Anson Heyboer, doing business as Heyboer Pontiac, Richard Hastings, Patricia Lee Hastings, and another under the death act for damages arising from her daughter's death while a passenger in an automobile. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded for entry of judgment notwithstanding verdict.

*Poppen, Street & Sorensen* (*Harold M. Street*, of counsel), for plaintiff.

*Hathaway, Latimer, Clink & Robb* (*H. Winston Hathaway*, of counsel), for defendants.

KAVANAGH, J. Plaintiff, as administratrix of the estate of Sandra Hindes, brings this statutory action against defendants to recover for the wrongful death of her deceased child.[*]
The declaration alleges that Anson Heyboer was the owner of a Pontiac automobile, which automobile was leased on the date of the accident to Richard Hastings, and that the automobile was operated at the time of the accident by his daughter Patricia Lee Hastings, with his consent. It further appears that the deceased, Sandra Hindes, was a passenger

---

[*] See CL 1948, §§ 691.581, 691.582 (Stat Ann 1959 Cum Supp §§ 27.711, 27.712).—REPORTER.

in this automobile when it collided with one driven by defendant Max Raymond Monette.

Plaintiff alleges that at approximately 10:20 p.m., on March 12, 1960, the date of the accident, the defendant Patricia Lee Hastings was operating the automobile in a southerly direction on Green avenue, approaching the intersection with trunkline M-20, one mile west of the city of Fremont, Michigan; that said defendant stopped said automobile at or near said intersection and talked to persons in a parked car near said intersection; that at this time and place defendant Max Raymond Monette was operating his vehicle on M-20 in an easterly direction approaching said intersection.

The declaration goes on to allege that at this time defendant Patricia Lee Hastings wilfully, wantonly, carelessly, negligently, and in wilful disregard of the consequences, drove said automobile through the intersection; that at this time and place defendant Max Raymond Monette carelessly, negligently and heedlessly drove his said automobile into and against the automobile driven by Patricia Lee Hastings in which Sandra Hindes was riding as a passenger.*

Plaintiff alleges that Patricia Lee Hastings, by suddenly entering onto M-20 from a standing position without first making observation for traffic traveling on M-20, by failing to operate the said automobile with due care and caution, and while under the influence of intoxicating liquor, was guilty of gross negligence.

As to defendant Max Raymond Monette, plaintiff alleges he was guilty of negligence in traveling at an excessive rate of speed under the circumstances—70 miles per hour; by failing to operate his said vehicle so as to be able to stop within the assured clear distance ahead; by failing to approach the intersec-

* See CLS 1956, § 257.401 (Stat Ann 1960 Rev § 9.2101).—RE-PORTER.

tion of Green avenue and M-20 with due care and caution; and in failing to warn the said vehicles at the intersection of his approach.

At the close of plaintiff's proofs, motion was made by defendant Monette for a directed verdict of no cause of action as to him. This motion was granted; but a similar motion by the appellants was denied. Appellants' motion was based on the lack of proof of any wilful or wanton misconduct in the manner in which defendant Patricia Lee Hastings operated her automobile. The jury returned a verdict in favor of plaintiff. Defendants appeal from the trial judge's order denying their motion notwithstanding the verdict.

It is to be noted that the allegations of misconduct with reference to appellants are: (1) that Miss Hastings entered the intersection without first making observation; (2) that then and there she failed to operate the automobile with due care and caution; and (3) that she then and there operated the automobile while under the influence of intoxicating liquor. It was admitted that Miss Hastings stopped before entering the intersection. Appellants contend that at most these were allegations of mere ordinary negligence, and the only allegation of wilful and wanton misconduct is that Miss Hastings was under the influence of intoxicating liquor.

Appellants contend that as a matter of law there are no facts alleged in the declaration which, if proved, would establish that defendant Patricia Lee Hastings failed to perform a manifest duty in reckless disregard of the consequences to the life or safety of another. They cite cases to the effect that "the mere fact of intoxication does not connote wilful or malicious injury." Appellants allege that the proofs show conclusively that Miss Hastings was not intoxicated and that there was no testimony she was

under the influence of liquor at the time the accident occurred.

Plaintiff contends intoxication plus no observation is sufficient to state a cause of action.

It appears from the briefs that earlier in the evening of the accident, defendant Patricia Lee Hastings accompanied by Sandra Hindes and one Catherine Carothers had gone to the Community building in Fremont to attend a dance. Sandra Hindes was 17 years old and a junior at Fremont high school. Patricia Lee Hastings was a senior at the same school. Miss Hastings had obtained some gin or vodka, which was in her car when she picked up Sandra Hindes and Catherine Carothers. The liquor was in a medium sized Listerine bottle, about a 7-ounce size, and was nearly full.

The girls left Sandra Hindes' house about 8 o'clock the evening of the accident and drove to a gasoline station, where they purchased some 7-Up. They poured some of the liquor into the bottles of 7-Up and drank the mixture. Between 1 and 2 ounces remained of the liquor when they went into the dance. They did not drink any liquor after arriving at the Community hall. Between the 3 of them, the girls actually consumed 4 or 5 ounces of the liquor. The girls arrived together at the dance about a quarter of nine. Apparently there was nothing in the manner in which Miss Hastings was driving that was out of the ordinary or to give Catherine Carothers any concern. The testimony of Catherine Carothers was to the effect that all the girls had an "I don't care" attitude; that they were happier than usual; that they laughed and talked a little more and were a little more friendly.

A witness, John White, saw Patricia Lee Hastings at the dance about 9:30 and said she was talking to everybody, laughing, and acting like everything was a big joke; that he could see she had been drinking

and would say she was under the influence of alcohol; that she didn't talk real loud, but louder than usual; that she did not talk thick-tongued and did not slur her words together. White knew nothing about how Miss Hastings drove her car when she left the dance.

Max Raymond Monette was the only witness to the accident called by plaintiff. He testified there was not much traffic that night and that he was driving 50 to 55 miles per hour as he approached Green avenue on M-20. The pavement was dry and the night was clear. On his left he saw 2 cars parked at the intersection quite close to the pavement headed west with their lights on. He slowed up when he first saw the 2 cars from a distance of 500 feet. He slowed down quite a little to about 30 miles per hour and then started to resume his normal speed, getting up to about 40 miles per hour. He was right up to the intersection when the Hastings car pulled out from behind the 2 parked cars in front of him. He thought the Hastings car was only 14 or 15 feet away from him when he first saw it. He could not say how fast the Hastings car was going—it just pulled across in front of him and he did not have time to apply his brakes.

An examination of the record fails to disclose that Miss Hastings ignored warnings of passengers, drove at an excessive rate of speed, or displayed any other actions from which a jury could reasonably find she was guilty of wilful or wanton misconduct constituting gross negligence. Perhaps she was not as watchful as she should have been as she started to enter the intersection. This mere failure or inadvertence or lack of care is, at most, ordinary negligence. There was no testimony in the record to indicate that she pulled into the intersection in front of the Monette car with reckless abandon or in reckless disregard of consequences which would insure disaster.

Plaintiff admits that intoxication alone under the adjudicated cases is not enough to justify a finding of gross negligence. An examination of this record fails to disclose any testimony indicating defendant Patricia Lee Hastings was intoxicated at the time of the accident. The only testimony on intoxication is that of witness John White, who testified he observed Patricia at the dance about 9:30, and, in his opinion, he would say she was under the influence of alcohol at that time. The accident happened approximately 1 hour later. The record discloses no testimony with reference to her condition at that time. The record fails to disclose any proof from which the jury could find defendants guilty of gross negligence.

We conclude, therefore, that the trial court was in error in failing to grant defendants' motion for a judgment notwithstanding the verdict.

The order denying the motion for a judgment notwithstanding the verdict is reversed and the case remanded to the lower court for entry of a judgment of no cause for action. Defendants shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.