VANDERAH *v.* OLAH

1. AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — DRIVER'S RECORD
— EVIDENCE — CURING ERROR.
    Allowing plaintiff, who was a passenger in an automobile operated by her husband, to be questioned concerning the driver's past driving record when he was not a party to the case in support of the defense of contributory negligence was error but the questions could not have prejudiced plaintiff where the trial judge instructed the jury that plaintiff was not guilty of contributory negligence as a matter of law.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT
—COURT RULES.
    Failure to object to the court's instruction to the jury precludes raising the issue on appeal (GCR 1963, 516.2).

3. TRIAL—PRELIMINARY INSTRUCTIONS—COURT RULES.
    Court rule allows preliminary instructions to be given to the jury at any stage of the trial where clarification is needed and where instructions prior to the taking of testimony merely familiarized the jury with the case, there was no indication of any prejudice (GCR 1963, 516.3).

Appeal from Wayne, Thomas J. Murphy, J. Submitted Division 1 June 11, 1970, at Detroit. (Docket No. 7,909.) Decided October 26, 1970. Leave to appeal granted January 21, 1971. 384 Mich 800.

Complaint by Doris M. Vanderah against Edward Z. Olah and Geraldine J. Olah for automobile negli-

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 470, 482, 611.
[2] 5 Am Jur 2d, Appeal and Error § 891.
[3] 53 Am Jur, Trial § 536.

gence.  Judgment for defendant.  Plaintiff appeals.
Affirmed.

*David H. Fried,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Richard D. Haskins*), for defendants.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

PER CURIAM. Plaintiff, while a passenger in an automobile operated by her husband, was involved in an automobile accident at Van Born Road and Merriman Road, Wayne County, Michigan.  The vehicle in which plaintiff was a passenger was turning left onto Merriman Road when it came into contact with a vehicle operated by defendant Geraldine Olah and owned by defendant Edward Olah.

Plaintiff filed suit in the Wayne County Circuit Court against Edward Olah and Geraldine Olah, claiming various violations by defendants amounting to negligence.  Defendants denied negligence and raised the affirmative defense of contributory negligence.

A jury returned a verdict of no cause of action.

Plaintiff raises four issues on appeal.

Plaintiff claims it was prejudicial error to allow her to be questioned about the driver's past driving record when the driver was not a party to the lawsuit.  The plaintiff's knowledge of the past driving record of her husband was used to support the affirmative defense of contributory negligence.

In cases of negligent entrustment the driving record of a driver has been allowed in evidence even

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

though the driver was not a party to the lawsuit. *Perin* v. *Peuler* (On Rehearing, 1964), 373 Mich 531; *Tortora* v. *General Motors Corp.* (1964), 373 Mich 563.

In the present case the trial court on the basis of GCR 1963, 607, allowed the defendant to question the plaintiff concerning her husband's driving record for the purpose of testing credibility. *Perin* v. *Peuler* and *Tortora* v. *General Motors Corp., supra,* did not allow the examination of the driver's driving record in support of the defense of contributory negligence, nor have the parties cited any cases allowing such an examination. It was error on the part of the trial judge to allow such questions in testimony.

However, the questions could not have prejudiced the plaintiff as the trial judge instructed the jury that the plaintiff was not guilty of contributory negligence as a matter of law.

The second and third issues raised by the plaintiff are directed toward the instructions given to the jury. These issues are not properly raised as there were no objections to the instructions as required by GCR 1963, 516.2. In addition, upon reviewing the instructions, we find that they appear to be fair and adequate.

The final issue raised on appeal relates to the preliminary instructions given by the court prior to the taking of testimony. The plaintiff claims that giving preliminary instructions was improper and that the substance of the instructions was improper. Her claim is unfounded. GCR 1963, 516.3 allows for preliminary instructions at any stage of the trial where clarification is needed. These particular instructions merely familiarized the jury with the case. There is no indication of any prejudice.

Affirmed. Costs to defendants.