CLARK *v.* BRAHAM

OPINION OF THE COURT

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WEAPONS.

   The doctrine of contributory negligence has no application in cases of injury caused by heedless shooting.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—HUNTING.

   Trial judge's determination that defendant was negligent in failing to make proper observations of his immediate area while deer hunting to ascertain the presence or absence of other persons therein was tantamount to determining the injury to plaintiff, who was in a deer hunting blind 50 to 60 yards away, was wilfully inflicted and in this circumstance it was error to apply the doctrine of contributory negligence.

———

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Weapons and Firearms § 31.
   Contributory negligence or assumption of risk of one injured by firearms or air gun discharged by another. 25 ALR3d 518.
[2, 4] 56 Am Jur, Weapons and Firearms §§ 22, 31.
   Hunter's civil liability for unintentionally shooting another person. 26 ALR3d 561.
[3] 57 Am Jur 2d, Negligence § 296.

3. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PLEADING — PROOF —
    BURDEN OF PROOF.
      *The burden of pleading and proving contributory negligence has
      been carried by the defendant since June 12, 1958.*

4. NEGLIGENCE—TESTIMONY.
      *Defendant's exclusively causal—and therefore actionable—neg-
      ligence was established by his own testimony and by that testi-
      mony plaintiff's steady inaction was made causally remote as
      a matter of law.*

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and Levin and V. J. Brennan, JJ., denying application for leave for delayed appeal from Genesee, Stewart A. Newblatt, J. Submitted May 4, 1971. (No. 16 April Term 1971, Docket No. 52,667.) Decided November 9, 1971.

Complaint by Bobbie Lee Clark against Robert Braham and Michael O'Lear for damages for injuries received from being shot. Judgment of no cause of action. Application by plaintiff for delayed appeal to the Court of Appeals denied. Plaintiff appeals. Reversed and remanded for determination of damages.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiff.

*Ransom, Ransom, Ransom & Henneke,* for defendants.

T. G. KAVANAGH, J. The facts giving rise to this suit for personal injuries are succinctly set forth by the trial judge who sat without a jury and serve, once again, to exhibit the tragedy so often attendant

upon the popular sport of hunting. The court found:

"That on November 16, 1963, plaintiff was in a deer hunting blind about fifty to sixty yards from the blind of defendant O'Lear and that a deer trail or run passed between the two; that plaintiff was wearing a faded red sweatshirt which color remained bright enough so that contributory negligence cannot be predicated upon the color of his clothing; that defendant O'Lear, either mistaking plaintiff's movement as a deer or, intending to shoot a deer on the deer run, fired his gun in a direct line from his position at the blind to the plaintiff's blind and in fact shot the plaintiff; that plaintiff had been in his position since daybreak and was standing smoking with his back to the pine tree when shot and that defendant O'Lear had been at the pine tree about forty minutes; that plaintiff knew of O'Lear's presence at the pine tree; but made no effort to communicate his presence to defendant O'Lear or remove himself from his position; that defendant O'Lear did not know of the presence of the plaintiff nor did he make any effort to ascertain the presence of any other persons at the time he shot. The defendant Braham had nothing to do with the shooting incident except for furnishing defendant O'Lear the gun some three years before the shooting and being in the same hunting party as defendant O'Lear."

The trial judge, relying on *Felgner* v. *Anderson* (1965), 375 Mich 23, and *Bahel* v. *Manning* (1897), 112 Mich 24, found defendant O'Lear guilty of negligence which was the proximate cause of the injury to the plaintiff. He also found the plaintiff contributorily negligent, and held that this barred recovery.

The Court of Appeals denied the application for delayed appeal.

We granted leave to appeal to correct a misconception of the effect of the Michigan rule.

The appellant argues for and the trial judge suggests in these circumstances, a "different" rule of law to be applied in hunting activities where a person sustains injury due to another's discharge of a firearm.

We think the *Felgner* rule is sound but it was not properly applied in this case. In *Felgner, supra,* at pp 29, 30, the Court said:

"Defendant has appealed from an adverse jury verdict and judgment of $35,000 and, in addition to his principal claim that the trial judge erred in refusing his requested charge on the applicability of the doctrine of assumption of risk, objects to the judge's instruction that:

" 'If you find that it was the defendant's gun that shot the plaintiff, then it becomes the duty of the defendant to establish that he was completely without fault; that he was free from any negligence.'

"The instruction given was not erroneous. It reflected properly the common-law rule governing liability for injuries negligently inflicted by firearms. That rule recently was reaffirmed by this Court in *Bauer* v. *Saginaw County Agricultural Society* [1957], 349 Michigan 616, 622, 623 by reference to our earlier decision in *Bahel* v. *Manning* [1897], 112 Michigan 24 (36 LRA 523, 67 Am St Rep 381). In *Bahel,* at pages 29, 30, the following was stated to be the general rule:

" 'The general rule, and without reference to this statute, is that a very high degree of care is required from all persons using firearms in the immediate vicinity of others, no matter how lawful or even necessary such use may be. 7 Am & Eng Enc Law (1st ed), p 523. This same principle is stated in 2 Shearman & Redfield, Negligence (4th ed), § 686. In *Morgan* v. *Cox* [1856], 22 Mo 373 (66 Am Dec

623), it was held that where injury to another is caused by an act that would have amounted to trespass *vi et armis* under the old system of actions, it is no defense that the act occurred through inadvertence, or without the wrongdoer's intending it; it must appear that the injury done was inevitable, and utterly without fault on the part of the alleged wrongdoer.' "

Here the trial judge correctly stated the rule of law to be applied. Having found the shot that injured the plaintiff came from the defendant's gun, he quoted *Felgner:* "it becomes the *duty* of the defendant to establish that he was *completely without fault;* that he was *free* from *any* negligence." (Emphasis added.) This is indeed a strict standard by which to measure the defendant's activities. It does not matter whether the shot fired by the defendant was intentional or unintentional. We are satisfied that the dangers of this activity warrant such strictness.

We think the court erred, however, in holding that plaintiff's contributory negligence barred his recovery. We think that doctrine has no application in cases of injury caused by heedless shooting.

The complaint asserted "That the injury to the plaintiff is due to the defendants' gross and wanton negligence, misconduct, and breach of duty * * * ."

In considering this allegation the observations in *Gibbard* v. *Cursan* (1923), 225 Mich 311 are pertinent: pp 320–322.

"If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind. Where recovery is sought on the theory' that the injury was caused by

wilful, wanton or reckless misconduct of a defendant, as distinguished from negligence, there is no more reason for permitting the defense of contributory negligence than in a case of assault and battery. True, such misconduct in this State and elsewhere usually has been called negligence, the word being qualified by such adjectives as gross, wanton, reckless, or wilful, but this is incorrect and has a tendency to mislead. We quote from a well-written opinion (*Atchison, etc., R. Co.* v. *Baker* [1908], 79 Kan. 183 [98 Pac. 804, 21 L.R.A. (N.S.) 427]) :

" 'Although what is really reckless and wanton misconduct is sometimes spoken of as gross negligence, the expression is everywhere recognized as inaccurate and unfortunate, because it seems to imply a difference only of degree, whereas the whole doctrine that contributory negligence is no defense where the injury is the result of recklessness and wantonness is based upon the theory of a difference in kind. For the same reason, the phrase "reckless and wanton negligence" has a misleading tendency. One who is properly charged with recklessness or wantonness is not simply more careless than one who is only guilty of negligence. His conduct must be such as to put him in the class with the wilful doer of wrong. The only respect in which his attitude is less blameworthy than that of the intentional wrongdoer is that, instead of affirmatively wishing to injure another, he is merely willing to do so. The difference is that between him who casts a missile intending that it shall strike another and him who casts it where he has reason to believe it will strike another, being indifferent whether it does so or not.'

\* \* \*

"According to note, 69 L.R.A. 516, and text, 20 R. C. L. p. 145, the elements necessary to characterize the injury in the case at bar as wilfully inflicted are:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

Applying these listed elements to the facts of this case we hold that the trial judge's determination that defendant O'Lear was negligent in failing to make proper observations of his immediate area to ascertain the presence or absence of other persons therein is tantamount to determining that the injury was wilfully inflicted.

In this circumstance it is error to apply the doctrine of contributory negligence.

Reversed and remanded for determination of damages. Plaintiff may tax costs.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, and SWAINSON, JJ., concurred with T. G. KAVANAGH, J.

WILLIAMS, J., concurred in the result.

BLACK, J. (*concurring separately*). Since the handing down in 1958 of *Dearborn* v. *Bacila,* 353 Mich 99, 108–119, the burden of pleading and proving contributory negligence has been carried by the defendant. Nowhere in this testimonial record or in the majority opinion do I find any hint of proof, or permissible inference from proof, that would justify a finding that the plaintiff was contributorily negligent. Had the case been tried to a jury, the plaintiff would have been entitled to a peremptory instruction ousting the pleaded defense of contributory negligence from consideration in the jury-room.

As for the majority's construction of an opinion by copying a long passage of oft-mulled *Gibbard* v. *Cursan* (1923), 225 Mich 311,* I can only say that there the Court dealt with a pedestrian versus motortruck collision; the pedestrian 13-year-old having been overtaken and struck from the rear by defendants' truck while on her way home from school. The young lady was walking with other students on or near the right-hand edge of a paved road in the open country, and the defendant driver admitted "having seen the girls on the pavement when he was at least 10 rods distant." (*Gibbard* at 315.) The Court had before it only a question of contributory negligence interwoven with a question of *subsequent* or *discovered* negligence, sometimes but erroneously dubbed *gross* negligence.

If anything written in *Gibbard* has application here, more so does the doctrine written for its notably illustrious forefather, the "jackass case" of 1842 (*Davies* v. *Mann,* 10 M & W 546 [152 Eng Rep 588, 19 Eng Rul Cas 190]), to which we paid tribute in *Dunn* v. *Detroit* (1957), 349 Mich 228, 233, 234. The ultimate fact here is that the defendant O'Lear's exclusively causal—and therefore actionable—negligence was established by his own testimony within *Bahel* v. *Manning* (1897), 112 Mich 24; *Bauer* v. *Saginaw Co. Agricultural Society* (1957), 349 Mich 616 and *Felgner* v. *Anderson* (1965), 375 Mich 23. By that testimony plaintiff's steady inaction was made causally remote as a matter of law.

On foregoing ground I concur in reversal and remand.

Adams, J., concurred with Black, J.

---

* Most recently in *LaCroix* v. *Grand Trunk W. R. Co.* (1967), 379 Mich 417, 422–426.