## VANDERAH v OLAH

### DECISION OF THE COURT

1. AUTOMOBILES—APPEAL AND ERROR.

    Judgment for defendants in an action for damages for injuries sustained in an automobile collision should be affirmed.

### OPINION FOR AFFIRMANCE

### BLACK and T. E. BRENNAN, JJ.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—APPEAL AND ERROR.

    *Error in taking from the jury defendants' pleaded and amply supported defense of personal contributory negligence was committed against the defendants and was cured by the jury's verdict of no cause of action.*

---

#### REFERENCES FOR POINTS IN HEADNOTES

[1] (no reference).
[2] 57 Am Jur 2d, Negligence §§ 295–297.
[3, 4, 12] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 537, 538.
   Guest's knowledge that automobile driver has been drinking as precluding recovery, under guest statutes or equivalent common-law rule, 15 ALR2d 1165.
   Contributory negligence, assumption of risk, or related defenses as available in action based on automobile guest statute or similar common-law rule, 44 ALR2d 1342.
[5] 8 Am Jur 2d, Automobile and Highway Traffic §§ 669, 1018, 1019.
[6, 7, 11] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 465, 471, 473, 487, 488.
[7] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 361, 362.
[8, 14, 15] 8 Am Jur 2d, Automobiles and Highway Traffic § 513.
[9] 8 Am Jur 2d, Automobiles and Highway Traffic § 668
[10] 8 Am Jur 2d, Automobiles and Highway Traffic § 253.
[11] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 524, 525.
[13] 57 Am Jur 2d, Negligence § 318.
[16, 17, 20, 21] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 513, 524–526.
[17] 7 Am Jur 2d, Automobiles and Highway Traffic § 361.
[18] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 668, 1023.
[19] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 537, 1023.

3. AUTOMOBILES — NEGLIGENCE — DEFENSES — CONTRIBUTORY NEGLI-
GENCE — INTOXICATION — EVIDENCE — ADMISSIBILITY.

*Testimony of causal intoxication of plaintiff's husband, driver
of a car, and of his wife's presumptive knowledge of the
fact went probatively to the question whether plaintiff wife
was guilty of contributory negligence for having voluntarily
ridden with a drunk at the wheel, and was properly received
where the pleaded, supported and tried affirmative issue was
that of personal contributory negligence.*

4. AUTOMOBILES — NEGLIGENCE — DEFENSES — CONTRIBUTORY NEGLI-
GENCE — INTOXICATION.

*Testimony that the driver of an automobile was intoxicated,
that the driver and the plaintiff-passenger left the Moose
Bar where each had "two beers", and that their car was going
at a rate of speed well over the posted limit, would, if
believed, warrant a finding that the plaintiff-passenger got
into her husband's car and rode with him knowing that he
was intoxicated and that she on that account was personally
and contributorily negligent.*

5. AUTOMOBILES — NEGLIGENCE — IMPUTED   NEGLIGENCE — INSTRUC-
TIONS.

*No reason existed to grant plaintiff's visibly argumentative
requests to charge on imputed negligence where no issue was
made or tried of imputation to plaintiff-passenger of her
husband-driver's negligence, and the precisely framed and
tried issue was that plaintiff was guilty of contributory
negligence for having voluntarily ridden with her husband
while he was intoxicated and such a defense, if sustained
by proof and upheld by the finder or finders of fact, is good
by both the weight of authority and the wisdom of common
sense.*

OPINION FOR AFFIRMANCE
SWAINSON AND WILLIAMS, JJ.

6. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY   NEGLIGENCE—GUEST
PASSENGERS—STATUTES.

*Under the rule of contributory negligence of existing Michigan
law, neither driver can sue the other regardless of the degree
of ordinary negligence where an accident is caused by the
combined negligence of two drivers; furthermore, the guest
passenger of each driver cannot sue his host driver because
of the civil liability act prohibiting it except in the case of*

*"gross negligence or wilful or wanton misconduct"* of the
driver; however, each guest passenger can sue the driver of
the other car on the theory that the driver of the other car
was negligent, whereas the passenger was free of negligence,
regardless of the comparative negligence of the two drivers
*(MCLA 257.401).*

7. AUTOMOBILES—GUEST PASSENGERS—NEGLIGENCE—GROSS NEGLI-
GENCE—CONTRIBUTORY NEGLIGENCE—STATUTES.
   *Even if a passenger is contributorily negligent* vis-a-vis *his
   driver in a suit against the driver under the "gross negli-
   gence" exception to the guest-passenger statute, a finding of
   gross negligence by defendant will ordinarily excuse the con-
   tributory negligence of the plaintiff (MCLA 257.401).*

8. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—INTOXI-
CATING LIQUORS—JURY QUESTION—STATUTES.
   *Although it is said that the mere fact of drinking alone does
   not amount to gross negligence so as to give rise to a cause
   of action by a passenger under the guest-passenger statute,
   the combination of drinking along with other evidence of im-
   proper driving makes the question of gross negligence one for
   the jury (MCLA 257.401).*

9. AUTOMOBILES—NEGLIGENCE—IMPUTED NEGLIGENCE—GUEST PAS-
SENGERS.
   *Negligence of the passenger's driver is not imputed to the
   passenger.*

10. EVIDENCE — JUDICIAL   NOTICE — AUTOMOBILES — INTOXICATING
LIQUORS — TRAFFIC FATALITIES — PERSONAL INJURIES.
   *The Michigan Supreme Court must take judicial notice of the
   fact that drink-impaired drivers are responsible for an awe-
   some number of traffic fatalities and personal injuries.*

11. AUTOMOBILES—GUEST PASSENGERS—NEGLIGENCE—CONTRIBUTORY
NEGLIGENCE—THIRD PARTIES.
   *As against the third party driver, in normal circumstances of
   accident due to combined negligence of two drivers the guest
   has the right to sue because the third party driver is negli-
   gent, whereas the guest passenger is without negligence;
   where the guest passenger is himself guilty of contributory
   negligence he may not sue.*

12. AUTOMOBILES—GUEST PASSENGERS—DUE CARE—INTOXICATING
LIQUORS—REASONABLY PRUDENT MAN.
   *A guest passenger who entrusts his personal safety to the*

*driving of a host driver he knows or should know to have his brain and reflexes impaired by drink is failing to exercise the due care required of a reasonably prudent man.*

13. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

*Plaintiff's contributory negligence may be an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know.*

14. AUTOMOBILES—GUEST PASSENGER STATUTE—NEGLIGENCE—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—INTOXICATING LIQUORS—JURY QUESTION.

*The civil liability act relieves the host driver of liability to his guest passenger unless the accident and injury was caused and contributed to by the "gross negligence or wilful and wanton misconduct" of the host driver; drinking a sufficient amount of alcohol to impair ability to drive safely and driving so negligently so as to cause an accident constitutes "gross negligence or wilful and wanton misconduct" within the meaning of the civil liability act, giving a cause of action to the guest passenger; this standard involves fact questions for jury determination (MCLA 257.401).*

15. AUTOMOBILES—GUEST PASSENGERS—NEGLIGENCE—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—INTOXICATING LIQUORS—THIRD PARTIES—STATUTES.

*The degree of drinking causing such impairment of driving which with the consequent negligent driving constitutes "gross negligence or wilful and wanton misconduct within the civil liability act" is that degree of drinking which triggers the disqualification of a guest passenger of such a drink-impaired driver from being able to sue a jointly negligent third party driver (MCLA 257.401).*

16. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—GUEST PASSENGERS—THIRD PARTIES—NEGLIGENCE.

*Under the present contributory negligence doctrine the plaintiff who knowingly exposes himself to a recognized risk will be denied recovery only where his host driver was himself contributorily negligent; where a driver whose abilities are impaired by drink is nonetheless driving within the limits of law and reason at the time of the accident and the only negligence involved is that of the other driver, then despite the unreasonable exposure of the passenger to the driving of his host,*

*the passenger and the host driver will not be denied recovery
as against the negligent third party driver.*

17. AUTOMOBILES — NEGLIGENCE — COMPARATIVE NEGLIGENCE — JURY
QUESTION.

*Interests to be served by the law of tort would be more equit-
ably and rationally balanced by allowing the jury to balance
the foolishness of the plaintiff guest passenger, in associating
himself with a negligent driver, against the negligence of
his host and the  negligence of the other driver and to return
a verdict expressed in terms of the plaintiff's damage attri-
buted to the defendant third party driver's negligence; a
comparative negligence system appears necessary to render a
more even level of justice.*

DISSENTING OPINION

T. M. KAVANAGH, C. J., and ADAMS and T. G. KAVANAGH, JJ.

18. AUTOMOBILES—NEGLIGENCE—INSTRUCTIONS.

*Case should be reversed and remanded for a new trial because
the trial judge did not properly instruct the jury; plaintiff
was entitled to, but did not receive, the gist of her requested
instruction that any negligence on the part of the driver of
an automobile in which plaintiff was a passenger must not be
imputed to her; that if the jury found that the collision oc-
curred as a result of the combined negligence of defendants
and plaintiff's driver it should bring back a verdict in favor
of the plaintiff; and that if the jury found that plaintiff's
driver was guilty of the same negligence which contributed
to the collision but also found that defendants were also
negligent and contributed to the happening of the accident
it would be the jury's duty to return a verdict in favor of
the plaintiff.*

19. AUTOMOBILES—RIDING WITH DRUNKEN DRIVER—CONTRIBUTORY
NEGLIGENCE—PLEADINGS—INSTRUCTIONS.

*Trial court properly instructed the jury that the contributory
negligence pleaded had not been proved where the issue of
contributory negligence consisting of the plaintiff's voluntarily
riding with her husband knowing he was intoxicated was
neither pleaded or tried and the contributory negligence
pleaded consisted of (1) plaintiff's asserted failure to warn
her driver of an approaching vehicle and (2) her encouraging
him to drive recklessly "knowing he was intoxicated".*

20. AUTOMOBILES—PASSENGER—RIDING WITH DRUNKEN DRIVER— CONTRIBUTORY NEGLIGENCE.

> To say that a passenger voluntarily and knowingly riding with a drunken driver may by that fact be determined to be guilty of contributory negligence is bad logic and bad law.

21. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—RIDING WITH DRUNKEN DRIVER.

> Negligence of passenger in voluntarily and knowingly riding with a drunk driver cannot be causally connected with an automobile accident and hence cannot properly be described as contributory negligence.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., R. B. Burns and O'Hara, JJ., affirming Wayne, Thomas J. Murphy, J. Submitted October 7, 1971. (No. 10 October Term 1971, Docket No. 53,103.) Decided July 26, 1972.

27 Mich App 342 affirmed.

Complaint by Doris M. Vanderah against Edward Z. Olah and Geraldine J. Olah for damages for injuries sustained in an automobile collision. Judgment for defendants. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Craig, Fried & Heidt,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Richard Haskins*), for defendants.

BLACK, J. (*for affirmance*). The trial judge erred in taking from the jury the defendants' pleaded and amply supported defense of *personal* contributory negligence. However, that error was committed against the *defendants* and was cured by the jury's

negative verdict.[1]  In these circumstances our sole task is to determine whether the trial judge erred in some other respect, to the prejudice of the plaintiff-appellant.  My response is negative.

There seems to be some misunderstanding here of that which came to precedential decision when *Bricker* v *Green,* 313 Mich 218 (1946) was released. The misunderstanding—if it is one—arises out of another; that somehow the doctrine of *imputed* contributory negligence, distinguished from *personal* contributory negligence, came to issue and was tried below.  I hasten in these circumstances to quote the defendants' affirmatively pleaded defense:

"(1) The negligence of plaintiff in not warning her husband driver of a closely approaching vehicle and in encouraging her husband to drive in a reckless manner when she knew he was in an intoxicated condition,  *  *  *  ."

For the purposes of review of the questions brought to and considered by Division 1 the factual situation may be described properly as will now ensue.  Preliminarily, though, it should be noted that there is a paucity if not outright absence of evidence, or reasonable inference from evidence, that the defendant driver was negligent.[2]

---

[1] Division 1 ruled, properly in my opinion (27 Mich App 342, 344):
"However, the questions could not have prejudiced the plaintiff as the trial judge instructed the jury that the plaintiff was not guilty of contributory negligence as a matter of law."

[2] I find no reference in the statement of facts plaintiff has set forth in her brief, or in any page of either appendix submitted by the parties, or in any page of the transcript to which any counsel has referred us, to proof or inference from proof that the defendant driver (Mrs. Olah) committed any act or acts of negligence as charged against her.  It must be that the trial proceeded on theory that if there was a collision, as indeed there was, an inference of negligence on the part of both drivers arose from that fact.

A fitting key to the cause of this wholly unnecessary collision was *res gestae* uttered by plaintiff herself:  "Bob, you are not going to make it."  She was so right, for Bob didn't make it.  No driver,

Two motorists are driving on the same highway from opposite directions toward a typical right-angled highway intersection that is traffic-controlled by alternating stop and go colored lights. Both enter the intersection by authority of simultaneously lighted green signals. One of the two motorists, his wife being a passenger, turns left into the rightful and imminent path of the other straight-away driving motorist. The result is a violent collision in the intersection and serious injuries suffered by the wife. The wife sues the other motorist and the husband-owner of the car she was driving.

The pleaded, supported and tried affirmative issue in this case being that of *personal* contributory negligence, I perceive no prejudice whatever in reception of the substantive testimony of causal intoxication of Mr. Vanderah and of his wife's presumptive knowledge of the fact. That testimony went probatively to the question whether Mrs. Vanderah, as plaintiff, was guilty of contributory negligence for having voluntarily ridden that night from out the Moose Bar with a drunk at the wheel.

Now for the transcript, all appendices being woefully deficient under GCR 1963, 855. (As for such apparently habitual deficiency and our past difficulties therewith, see the Author's Comment which followed original adoption of the appendix system in 1956 with amendment in 1959; Honigman, Michigan Court Rules Annotated, 1959 pocket supplement, pp 196–199.)

Two of the investigating officers arrived at the place of collision while the wrecked cars were still positioned in the intersection. They testified to facts which if believed by the jury constituted direct evidence of driving by Mr. Vanderah while he

drunk or sober, could have made it, the timing and circumstances being what they were.

was intoxicated. Other testimony disclosed that
Mr. and Mrs. Vanderah left the Moose Lodge Bar
some four miles west of the intersection, where each
had but "two beers," and headed east on Van Born
toward the Merriam Road intersection. They were
observed on the way by eastbound motorist-witness
Miskell as they drove past him. He testified that
their car was going at a rate of speed well over the
posted limit (about 70 miles per hour); that it
partially forced his car off the road in passing and
then went off and then on the road before he, Mis-
kell, arrived at the intersection of collision some
two minutes after it occurred. After having iden-
tified as the car previously observed by him the red
Pontiac that was wrecked in the intersection, Mr.
Miskell testified that the last time he saw that car
was about a mile west of the intersection as he
vainly tried to catch up to get its license number.

The foregoing testimony would if believed war-
rant a finding that the plaintiff passenger got into
her husband's car and rode with him knowing that
he was intoxicated, and that she on that account
was personally and contributorily negligent. As
for the applicable authorities, there is no present
need for review thereof beyond pointing to the gen-
eral rules which, in 8 Am Jur 2d, Automobiles and
Highway Traffic, pp 94–95, "§ 537. *Riding with
intoxicated driver,*" were assembled for the Bench
and Bar. This is not to say that the outlined tes-
timony warranted an instructed negative verdict.
It is to say that testimony of such nature presents
a submissible question of personal contributory
negligence.

Trial Judge Murphy excluded from jury hearing
most (but not all) of the testimony of witness
Miskell. He did so on ground that same was too
"remote", but did permit the excluded portion to

be taken by separate record. Here again I think the judge was in error; nonreversible it is true in view of the jury's verdict. See *Jenks* v *Ingham County,* 288 Mich 600 (1939); *Shoemaker* v *Trompen,* 326 Mich 120 (1949); *Rinkevich* v *Coeling,* 344 Mich 493 (1955), and the authorities assembled in 8 Am Jur 2d, Automobiles and Highway Traffic, pp 494–497, "*§ 950. Speed, or manner of operating vehicle, before reaching scene of accident.*"[3]

The excluded testimony of Mr. Miskell was admissible, not for the purpose of proving proximately negligent causation as the Vanderah and Olah cars imminently approached and crashed in the intersection, but clearly as tending to support defendants' theory and the testimony of the officers that Mrs. Vanderah was knowingly riding with an intoxicated driver.

In view of defendants' specific pleading of *personal* contributory negligence on the part of Mrs. Vanderah and of Judge Murphy's peremptory ouster of that issue from jury consideration, no question of *imputation* to Mrs. Vanderah of her husband's negligence was involved. *Bricker* v *Green,* 313 Mich 218 (1946) did indeed outlaw Michigan's original rule of *imputation* of contributory negligence. But the Court did not confine its decision to that, as this writer seems to recall; he having been trial and appellate counsel for the plaintiff in that case. Did not the Court in *Bricker* expressly caution the profession that its decision by no means abrogated the common-law rule that every plaintiff in negligence may—upon proof or fair inference from proof—be judged guilty of *per-*

---

[3] For a thoroughly comprehensive brief covering this topic, see 46 ALR2d, p 9 *et seq.,* and subsequent cases listed in the ALR 2d Later Case Service, p 555 *et seq.* of bound volume and p 53 of 1971 pocket supplement.

*sonal* contributory negligence? Hear the unanimous Court on this (*Bricker* at 235–236, quoting in support the rule of 2 Restatement, Torts, p 857, § 315[b]):

"Our holding herein should not be construed as excluding under appropriate circumstances the defense of contributory negligence on the part of the passenger, if relative to the cause of the accident the passenger failed to exercise such reasonable care and caution as he should have exercised under the circumstances."

The same day *Bricker* v *Green* was released (January 7, 1946), the Court decided *Mitchell* v *DeVitt,* 313 Mich 428. Plaintiff Mitchell, a front seat passenger in a Mr. Thomas' car, was charged by defendant with having been guilty of contributory negligence "herself". The Court's statement of the defendant's contention was (p 430):

"On appeal, defendant takes the position that Mrs. Mitchell was guilty of contributory negligence herself in failing to warn Thomas of the approaching danger after having observed the DeVitt car."

The Court, disposing first of the question of *imputation* of the driver's alleged negligence to Mrs. Mitchell, saying it was "settled adversely to defendant's contention in *Bricker* v *Green, ante* at 218," went on to say:

"Under the circumstances of the case the question of whether Mrs. Mitchell was guilty of contributory negligence *herself* was one of fact, determined adversely to appellant by the trial judge who heard the case without the aid of a jury."

*To Recapitulate*:

I perceive no reason for grant in circuit of plaintiff's visibly argumentative requests to charge and

agree with Division 1's disposition of that question as well as others considered in the opinion of the Panel. No issue was made or tried of imputation to Mrs. Vanderah of her husband's negligence. The precisely framed and tried issue was that Mrs. Vanderah was guilty of contributory negligence for having voluntarily ridden with her husband while he was intoxicated. Such a defense, if sustained by proof and upheld by the finder or finders of fact, is good both by the weight of authority and the wisdom of common sense. The jury did uphold that defense. Its verdict and the successive judgments entered below should be affirmed. I vote accordingly.

T. E. Brennan, J., concurred with Black, J.

Williams, J. (*For affirmance but giving notice of intention to remand a similar future case under a doctrine of comparative negligence.*) Fundamentally, this case raises an interesting question of public policy relative to the justice of the rule of absolute denial of any right of recovery for contributory negligence regardless of degree of fault. The underlying issue concerns the right of recovery (and against whom) of a guest passenger knowingly choosing to ride with a drink-impaired driver when the ride results in injury from an accident due to the combined negligence of the host drink-impaired driver and a non-drink-impaired third party driver.

The opinion of my Brother Thomas G. Kavanagh comprehensively sets forth such facts as the transcript makes available. For purposes of this opinion it is sufficient to posit and use the following hypothetical accident, where driver B at an intersection turns left in the face of oncoming driver A with a resulting collision. Driver A was slightly

negligent, whereas driver B was seriously negligent, due in large part to his mental and muscular impairment as a result of drinking alcohol. B's guest passenger who joined him knowing of his condition due to drink was injured in the accident. A fair comparative negligence measurement would be that driver A was 10% negligent and driver B 90%.

The question directly before this Court is can B's guest passenger sue driver A for 100% damages? If she cannot sue A for any damages, an ancillary question of logical and practical relevance is whether she can sue her host driver B?

Not directly before this Court but also of logical and practical relevance, is the question of what rights would A's guest passenger have against driver B and we might add for inclusiveness against her host driver A?

Normally and under existing Michigan law we can begin with these principles. Where an accident is caused by the combined negligence of two drivers, under the rule of contributory negligence[1] neither can sue the other regardless of the degree of ordinary negligence, in this case posited at 10% and 90%. Furthermore the guest passenger of each driver cannot sue his host driver because of a statute prohibiting it except in case of "gross negligence or wilful and wanton misconduct" of the driver.[2]

---

[1] See 17 Michigan Law & Practice, Negligence, § 81 and cases cited therein.

[2] The so-called "guest statute," MCLA 257.401; MSA 9.2101. Even if a passenger is contributorily negligent *vis-a-vis* his driver in a suit against the driver under the "gross negligence" exception to the guest-passenger statute, a finding of gross negligence by defendant will ordinarily excuse the contributory negligence of the plaintiff, *Gibbard* v *Cursan*, 225 Mich 311, 320–322 (1923); *Clark* v *Braham*, 386 Mich 53, 57–58 (1971). Although it is said that the mere fact of drinking does not alone amount to gross negligence so as to give rise to a cause of action by a passenger under the guest passenger

However, each guest passenger can sue the driver of the other car on the theory that the driver of the other car was negligent, whereas the passenger was free of negligence, regardless of the comparative negligence of the two drivers.[3]

The question before this Court is whether the logic of this train of reasoning and policy is carried over to the situation where the host driver's capacity to drive is impaired by drink and the guest passenger knows or should know it.

Before reaching a conclusion on this question this Court must confront the meaning of the host driver's driving ability being impaired by drink. The threshold fact that this Court cannot blink, and must take judicial notice of, is that drink-impaired drivers are responsible for an awesome number of traffic fatalities and personal injuries. Leaving out estimation of the actual number of cases where alcohol may have been involved but considering only those cases where alcohol involvement was actually reported the result is shocking. The Michigan State Police *Michigan Accident Facts, 1971* reports the following reported alcohol related traffic accidents:

46% of all fatal accidents,

21.7% of all personal injury accidents.

Having in mind the tremendous impact of drunkenness on traffic fatalities and personal injuries, what rule should this Court adopt as to allowing or

---

statute, *Bushie v Johnson*, 296 Mich 8 (1941); *Davis v Hollowell*, 326 Mich 673 (1950), the combination of drinking along with other evidence of improper driving makes the question of gross negligence one for the jury, *Davis v Hollowell, supra; Hindes v Heyboer*, 368 Mich 561 (1962); *Price v Western*, 330 Mich 680 (1951). Under the rule stated *infra*, p 659, the question of the gross negligence or wilful and wanton misconduct of the host will be a jury question in almost every conceivable case.

[3] The negligence of the passenger's driver is not imputed to the passenger, *Seta v Swain*, 327 Mich 668, 671 (1950); *Bricker v Green*, 313 Mich 218, 235 (1946). See also 2 Restatement, Torts 2d, § 490.

disallowing suit by a guest passenger who knowingly rides with a drink-impaired host driver; first as against the third party driver, and second as against the drink-impaired host driver?

As against the third party driver, it is well to begin by remembering in normal circumstances of accident due to combined negligence of two drivers the guest has the right to sue because the third party driver is negligent, whereas the guest passenger is without negligence. It is recognized that where the guest passenger is himself guilty of contributory negligence he may not sue. *Bricker* v *Green,* 313 Mich 218, 235 (1946). Neither our hypothetical case nor the instant case involves the same kind of causal contributory negligence spoken of in *Bricker* v *Green.* However, it cannot be gainsaid that a guest passenger who entrusts his personal safety to the driving of a host driver he knows or should know to have his brain and reflexes impaired by drink is failing to exercise the due care required of a reasonably prudent man. This Court appears to recognize this doctrine in *Graham* v *United Trucking Service, Inc,* 327 Mich 694, 700–701 (1950) but there found the facts inapplicable.

The Restatement of Torts has a rule directly in point. It reads as follows:

"The plaintiff's contributory negligence may be either

"(a) an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know, * * * " 2 Restatement, Torts 2d, § 466.

The comment to this section indicates that despite the rule against imputation of negligence,[4] the

---

[4] The Restatement rules against imputing negligence refer cases

plaintiff who entrusts himself to an incompetent or drunk person may not recover against a partially negligent third person.

"Thus, if a plaintiff rides in an automobile knowing that the driver is drunk, ignorant of driving, or habitually reckless or careless, or that the machine has insufficient brakes or headlights, he ordinarily cannot recover against the defendant through whose negligence an accident occurs if the drunkenness, incompetence, or carelessness of the driver or the bad condition of the vehicle is a contributing factor in bringing about the accident." 2 Restatement, Torts 2d, § 466, Comment e.

We are persuaded that this Restatement rule is sound jurisprudence. We find that it is not contrary to Michigan case law, although it is more definitive and far reaching than any existing case. We adopt the Restatement rule as Michigan law.

Since this Court finds that plaintiff guest passenger of driver B has no cause of action against negligent driver A because of her own failure to exercise the care required of a reasonably prudent person in voluntary self-exposure to the perils of driving with a drink-impaired host driver, this Court next confronts the problem of whether the guest passenger of driver B under these circumstances has a cause of action against host driver B. We hold that there is such a cause of action.

---

such as ours back to the quoted comment to § 466 above. Section 490 and the relevant comment follow:

"Passenger or Guest in Vehicle

"A passenger or guest in a vehicle is not barred from recovery for harm resulting from the negligence of a third person by the negligence of his carrier or host.

\*      \*      \*

"c. This Section deals only with the effect of the contributory negligence of the carrier or host. The effect of the plaintiff's knowledge that the driver of the carrier or his host is reckless or incompetent or that the vehicle is in dangerous disrepair is stated in § 466, Comment e." 2 Restatement, Torts 2d, § 490.

The civil liability act[5] relieves the host driver of liability to his guest passenger unless the accident and injury was caused and contributed to by the "gross negligence or wilful and wanton misconduct" of the host driver. We hold that drinking a sufficient amount of alcohol to impair ability to drive safely and driving so negligently as to cause an accident constitutes "gross negligence or wilful and wanton misconduct" within the meaning of the civil liability act. This standard involves fact questions for jury determination.

Furthermore we hold that the degree of drinking causing such impairment of driving which with the consequent negligent driving constitutes "gross negligence or wilful and wanton misconduct within the civil liability act" is that degree of drinking which triggers the disqualification of a guest passenger of such a drink-impaired driver from being able to sue a jointly negligent third party driver.

While I feel bound for the present by the recognition of this "contributory negligence" doctrine by our case law and by the Restatement, I recognize the blunderbuss, all or nothing, character of the doctrine. Plaintiff guest passenger is not without fault, for if she had not been so dangerously foolish she would never have been in a position where she could have been injured. However, as noted, this is not the kind of causative contributory negligence referred to in *Bricker* v *Green, supra,* that would defeat a plaintiff's recovery under classical tort doctrine. While the plaintiff may have been negligent in knowingly exposing herself to a recognized risk, her negligence has, in this case, merely caused her to be where she would be injured when the ac-

---

[5] The "guest statute," MCLA 257.401; MSA 9.2101.

cident occurred but had nothing to do with causing the accident, which was *caused* by the combined negligence of her host and the third party driver.

It must also be recognized that under this doctrine of "contributory negligence" the plaintiff who knowingly exposes herself to a recognized risk will be denied recovery *only* where her host driver was himself contributorily negligent. If, for example, the driver whose abilities are impaired by drink is nonetheless driving within the limits of law and reason at the time of the accident and the only negligence involved is that of the other driver, then despite the unreasonable exposure of herself to the driving of her host, the passenger will not be denied recovery as against the negligent third party driver, and for that matter neither will the host driver himself.

The effect of this rule then is on the one hand to relieve from any liability, because of the "negligence" of the passenger, a third party driver who, despite the lesser or greater degree of his negligence, is nonetheless an affirmatively negligent driver without whom the accident would not have happened and, on the other hand, to possibly separate from any recovery one whose cause of injury is the direct result of the negligence of others and her "negligence" though real is only in associating herself with a negligent actor. A more equitable and rational balancing of the interests to be served by the law of tort would allow the jury to balance the foolishness of the plaintiff guest against the negligence of her host and the negligence of the other driver, and to return a verdict expressed in terms of a percentage of the plaintiff's damage attributable to the defendant third party driver's negligence.

The importance of the recognition of the character of the guest passenger's "contributory neg-

ligence" would be highlighted if she had not had the right to sue her host driver (as she would not have unless a jury finds his conduct "gross negligence or wilful and wanton misconduct") or if the third party's negligence had been 90% and her host driver's 10%.

In short it appears that, while there is logic in our Michigan law of negligence which renders real justice in most cases, it is so rough hewn that in a number of cases its all or nothing rule gives either too much or too little. It is for this reason that a comparative negligence system appears necessary to render a more even level of justice. The character and stage of this case render it an inappropriate instrument to launch such a doctrine, but, absent clear evidence of the legislature filling this gap in our present system, when an appropriate case opportunely appears an opinion supporting a rule of comparative negligence will be forthcoming.

Affirmed, no costs, a public issue being involved.

SWAINSON, J., concurred with WILLIAMS, J.


T. G. KAVANAGH, J. (*dissenting*). This case should be reversed and remanded for a new trial because the trial court did not properly instruct the jury.

Plaintiff requested that the jury be instructed:

"9. Now, Members of the jury, as has been shown by the testimony, Plaintiff, Doris M. Vanderah was a passenger in an automobile operated by her husband. There has been some testimony that her husband was negligent in the operation of his automobile. In that regard, our law is very clear. I charge you that any negligence on the part of Doris M. Vanderah's driver, cannot and must not be imputed

to Doris M. Vanderah, the passenger. *Bricker* v. *Green*, 313 Mich 218, 163 ALR 697 [1946].

"10. Members of the jury, I instruct you that if you find that the collision occurred as a result of the combined negligence of the Defendants, and Plaintiff's driver, Robert W. Vanderah, then you would still be required to bring back a verdict in favor of the Plaintiff, Doris M. Vanderah. In other words, if you find that Robert W. Vanderah was guilty of the same negligence which contributed to the collision, but you also find that Defendants, Edward Z. Olah and Geraldine J. Olah were also negligent and contributed to the happening of the accident, then it would be your duty to return a verdict in favor of the Plaintiff and against the Defendant. *Johnson* v. *Narmore*, 1 Mich App 160 [1965], *Stabler* v. *Copeland*, 304 Mich 1 [1942], *Bishop* v. *Plumb*, 363 Mich 87 [1961], *Klenke* v. *Russell*, 9 Mich App 409 [1968], and 378 Mich 491 [1966]."

The instruction given was:

"The plaintiff must also prove that the negligence of the defendant was a proximate cause of the occurrence which produced her injuries and damages. Now, there may be more than one proximate cause. There are two cars in an accident. They both may be guilty of causing it, and both of them may be a proximate cause, so there can be more than one proximate cause."

The plaintiff was entitled to the gist of the instruction requested. The instruction given did not cover it and hence was inadequate.

The opinions for affirmance are both premised on the erroneous notion that the pleaded and tried issue of contributory negligence consisted of the plaintiff's voluntarily riding with her husband knowing he was intoxicated.

That issue was neither pleaded nor tried.

The contributory negligence *pleaded* consisted of 1) plaintiff's asserted failure to warn her driver of an approaching vehicle and 2) her encouraging him to drive recklessly "knowing he was intoxicated".

The trial court handled this matter properly when, at the conclusion of proofs, he instructed the jury that the contributory negligence *pleaded* had not been proved.

In my view, apart from the fact that it has nothing to do with this case, the doctrine espoused in the opinions of my Brothers for affirmance holds an ominous portent.

To say that a passenger voluntarily and knowingly riding with a drunken driver may *by that fact* be determined to be guilty of contributory negligence is bad logic and bad law.

The Restatement of Torts 2d, § 466 labels this form of "contributory negligence" as "voluntary assumption of risk". 8 Am Jur 2d, Automobiles and Highway Traffic, pp 94–95, "§ 537. Riding with intoxicated driver" sets forth a rule that the passenger in such circumstance cannot recover, either on the theory that he is guilty of contributory negligence or has assumed the risk of injury.

I see no contribution to our jurisprudence either by disinterring "assumption of risk" from the grave of *Felgner* v *Anderson*, 375 Mich 23 (1965), or by overruling the line of cases cited in *Cookson* v *Humphrey*, 355 Mich 296 (1959), which held that contributory negligence had to be causally connected to the injury.

Even if my Brothers would bar this plaintiff for "assuming the risk"—the risk she assumed was of the injuries which flowed from her drunken driver's

negligence. She did not assume the risk of the *defendant's* negligence.

As far as her negligence in voluntarily and knowingly riding with a drunk driver is concerned such negligence cannot be *causally* connected with the accident and hence cannot properly be described as contributory negligence.

I would reverse for new trial and award costs to plaintiff.

T. M. KAVANAGH, C. J., and ADAMS, J., concurred with T. G. KAVANAGH, J.